[No. B212674. Second Dist., Div. Four. Nov. 17, 2009.]

MURRAY COMPANY, Plaintiff and Appellant, v.
OCCUPATIONAL SAFETY AND HEALTH APPEALS BOARD, Defendant
and Respondent;
DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF
OCCUPATIONAL SAFETY AND HEALTH, Real Party in Interest and
Respondent.

## COUNSEL

Atkinson, Andelson, Loya, Ruud & Romo, Eugene F. McMenamin and Jennifer D. Cantrell for Plaintiff and Appellant.

J. Jeffrey Mojcher and Heidi B. Smith for Defendant and Respondent.

Michael D. Mason and William C. Cregar for Real Party in Interest and Respondent.

OPINION

**MANELLA, J.**—The trial court denied appellant Murray Company's petition for writ of administrative mandate, which challenged a decision by respondent Occupational Safety and Health Appeals Board (Board) denying appellant's request for reconsideration of the dismissal of its appeals. We affirm.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

Real party in interest Department of Industrial Relations, Division of Occupational Safety and Health (Division) administers and enforces the California Occupational Safety and Health Act of 1973 (Lab. Code, § 6300 et seq.) (Cal-OSHA) and related regulations (Cal. Code Regs., tit. 8, § 330 et seq.).[1] (*Rick's Electric, Inc. v. Occupational Safety & Health Appeals Bd.* (2000) 80 Cal.App.4th 1023, 1026 [95 Cal.Rptr.2d 847] (*Rick's Electric*).) Following an inspection of appellant's workplace, the Division issued three citations to appellant on January 25, 2007. The citations concerned unsafe practices regarding metal embossing machines, and imposed fines totaling $25,600. Two of the citations were identified as "[s]erious."

The Board is "an independent adjudicatory agency" responsible for resolving appeals from the Division's citations. (*Rick's Electric, supra,* 80 Cal.App.4th at p. 1027; see § 148.) The Division's notice of the citations to appellant stated in a section entitled "Appeal Rights": "To initiate an appeal . . . , you must contact the . . . Board, in writing or by telephone, within 15 working days from the date of receipt of a Citation. After you have initiated your appeal, you must then file a completed appeal form with the . . . Board . . . for each contested citation. Failure to file a completed appeal form with the . . . Board may result in dismissal of the appeal." (Original underscoring.) The notice further stated: "*You must also attach to the appeal form a legible copy of the Citation you are appealing.*" (Italics added.)

On January 29, 2007, appellant told the Board by telephone that it intended to appeal the citations. On the same date, the Board acknowledged the phone call by letter and sent appeal forms to appellant. The Board's letter stated: "Attach a copy of the citation(s) you are appealing to your completed Appeal form(s)." (Original underscoring.)

---

[1] All further statutory citations are to the Labor Code, unless otherwise indicated.

On February 8, 2007, appellant filed three appeal forms, but provided no copies of the citations. The forms were executed by Frank Estrada, appellant's safety director. On March 16, 2007, the Board sent a notice to appellant by certified mail entitled "Notice of Intent to Dismiss Appeal." The notice stated that "the following information was not received: [¶] [x] Citations to be appealed." The notice warned appellant that its appeal would be dismissed unless the required information was submitted within 10 days of the notice. Appellant received the notice on March 20, 2007. The copy of the notice in the Board's records contains the following handwritten notation: "copy of citations to be appealed—called on 3-28-07 @ 8:45 am."

On March 30, 2007, appellant submitted a completed form entitled "Employer's Signed Statement of Abatement of Serious Violations," sometimes called a "161 form." The form identified the pertinent inspection numbers and described appellant's measures to abate the violations identified in the citations, but was not accompanied by copies of the citations. The next day, appellant submitted a new appeal form that again omitted copies of the citations.

On August 29, 2007, an administrative law judge ordered the appeals dismissed on the ground that appellant had not provided completed appeal forms. In September 2007, appellant petitioned the Board to reconsider the ruling. Accompanying the petition was a declaration from Estrada, who stated that he had neither legal training nor a college education, and that the Board's notices had confused him. Estrada further stated: "Until it was explained to me by the attorney . . . retained for the purpose of handling this Petition . . . , I did not understand that the [Board] and the [Division] were two completely separate entities. Consequently, it simply did not occur to me to forward the citations as requested in the . . . Board's Notice of Intent to Dismiss Appeal. My thought process was that since the . . . Board issued the citations, its request must be regarding another document, i.e.[,] documentation that [appellant] generated."

On November 14, 2007, a two-member panel of the Board denied the petition. The Board concluded that appellant had established no ground for reconsideration found in section 6617, which governs petitions for reconsideration. In addition, the Board stated that it has "consistently and frequently held that failure to furnish copies of the citations being appealed, even if the failure is due to a misunderstanding of the appeal process, is not ground for reconsideration."

Appellant sought relief from the Board's ruling by petition for writ of mandate, which the trial court denied on September 11, 2008. Judgment was entered on October 14, 2008. This appeal followed.

## DISCUSSION

Appellant contends that the trial court erred in denying his petition for writ of mandate. We disagree.

### A. *Standard of Review*

Code of Civil Procedure section 1094.5, which provides for administrative mandamus, authorizes the trial court to determine "the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer . . . ." (Code Civ. Proc., § 1094.5, subd. (a).) Our review of a decision by the Board " 'is the same as that of the trial court in ruling on the petition for the writ. We must determine whether based on the entire record the Board's decision is supported by substantial evidence and whether it is reasonable. [Citations.]' " (*Rick's Electric, supra*, 80 Cal.App.4th at p. 1033.) To the extent appellant challenges the Board's interpretation of a statute or regulation it enforces, appellant raises a question of law whose ultimate resolution rests with the courts. (*Ibid.*) Nonetheless, the Board's expertise with regard to such statutes and regulations "entitles its interpretation of the statute or regulation to be given great weight unless it is clearly erroneous or unauthorized." (*Lusardi Construction Co. v. California Occupational Safety & Health Appeals Bd.* (1991) 1 Cal.App.4th 639, 645 [2 Cal.Rptr.2d 297].)

### B. *Composition of Board*

Appellant contends that the Board exceeded its powers in denying reconsideration. The crux of its contention is that only a three-member panel can act as the Board. We disagree.

Generally, when a statutory scheme designates a group of three or more public officials as a decision maker, a majority of the officials may exercise the authority granted to the group as a whole. Code of Civil Procedure section 15 and Civil Code section 12 identically state: "Words giving a joint authority to three or more public officers or other persons are

construed as giving such authority to a majority of them, unless it is otherwise expressed in the Act giving the authority." Under this principle, courts have repeatedly held that a majority of the members of a commission or board may properly act *as* the commission or board. (*People v. Hecht* (1895) 105 Cal. 621, 624–630 [38 P. 941] [13 members of 15-member board competent to make decisions as board]; *Ford v. Civil Service Commission* (1958) 161 Cal.App.2d 692, 697 [327 P.2d 148] [two members of three-member commission properly conducted hearing and rendered rulings]; *Knickerbocker v. Redlands H. Sch. Dist.* (1942) 49 Cal.App.2d 722, 730 [122 P.2d 289] [three trustees on five-member board of trustees properly conducted hearing and adopted resolution by unanimous vote].) When a majority of the commission or board renders decisions in accordance with this principle, there is no denial of due process. (See *Ursino v. Superior Court* (1974) 39 Cal.App.3d 611, 620–621 [114 Cal.Rptr. 404].)

Here, subdivision (a) of section 148 provides: "There is in the Department of Industrial Relations the Occupational Safety and Health Appeals Board, consisting of three members appointed by the Governor, subject to the approval of the Senate. One member shall be from the field of management, one shall be from the field of labor and one member shall be from the general public. The public member shall be chosen from other than the fields of management and labor." In addition, section 148.9 provides: "Decisions of the appeals board shall be made by a majority of the appeals board, except as otherwise expressly provided."

Appellant's key contention is that Code of Civil Procedure section 15 and Civil Code section 12 are inapplicable to the Board because section 148 requires that the Board's membership reflect designated interests. When the two-member panel denied appellant's petition for reconsideration, there was a vacancy on the Board regarding the labor representative. Pointing to *American Motors Sales Corp. v. New Motor Vehicle Bd.* (1977) 69 Cal.App.3d 983 [138 Cal.Rptr. 594] (*American Motors*), appellant argues that a two-member panel could not act as the Board because it lacked the statutorily mandated composition.

 This contention fails in light of other provisions governing the Board, which permit the Board to act when its composition is not as specified in section 148. Generally, we interpret a statute in the context of related statutes. (*Pulaski v. Occupational Safety & Health Stds. Bd.* (1999) 75 Cal.App.4th 1315, 1335 [90 Cal.Rptr.2d 54].) Section 149 states: "The chairman of the appeals board may authorize its executive officer to act as deputy appeals

board member, and may delegate authority and duties to the executive officer in the event of the absence of a member of the appeals board." ▮ This provision authorizes the Board to act when the executive officer replaces an absent labor representative or management representative, even though the executive officer represents neither interest. The pertinent statutory scheme thus does not proscribe Board action when its composition differs from that specified in section 148. As a three-member panel may render decisions when the executive officer replaces an absent labor representative, we conclude that the principle stated in Code of Civil Procedure section 15 and Civil Code section 12 permitted the Board to rule on appellant's petition while the position of labor representative was vacant.

*American Motors*, relied upon by appellant, is factually distinguishable. There, the Legislature created a board to resolve disputes between car dealers and car manufacturers, but mandated that each nine-member board must have at least four car dealers, and imposed no counterbalancing requirement regarding car manufacturers. (*American Motors, supra*, 69 Cal.App.3d at p. 991.) The appellate court held that the statutory scheme establishing the board was constitutionally infirm because it inherently favored car dealers. (*Id.* at pp. 991–992.) Here, the statutory scheme reflects no similar bias; moreover, nothing in the record suggests that the lack of a labor representative impaired the Board's assessment of appellant's appeal forms.

▮ Appellant also contends that section 149 obliged the Board to appoint its executive officer to act as the third member. However, the language of section 149 "is an important guide in determining legislative intent. [Citation.] . . . [T]he usual rule with California codes is that 'shall' is mandatory and 'may' is permissive unless the context requires otherwise. [Citations.]" (*Walt Rankin & Associates, Inc. v. City of Murrieta* (2000) 84 Cal.App.4th 605, 614 [101 Cal.Rptr.2d 48].) As section 149 provides that "[t]he chairman of the appeals board *may* authorize its executive officer to act as deputy appeals board member . . ." (italics added) and nothing suggests that "may" carries a special meaning, we reject appellant's contention.[2]

C. *Merits of Decision*

▮ We turn to appellant's contentions regarding the merits of the Board's decision. Section 6617 provides that petitions for reconsideration before the Board must be based on the following grounds: "(a) That by such order or

---

[2] In so concluding, we do not decide whether the contention fails for another reason urged by the Board, namely, that the executive officer may sit on the Board only when a duly appointed representative is absent, but not when there is a vacancy on the Board.

decision made and filed by the appeals board or hearing officer, the appeals board acted without or in excess of its powers. [¶] (b) That the order or decision was procured by fraud. [¶] (c) That the evidence does not justify the findings of fact. [¶] (d) That the petitioner has discovered new evidence material to him, which he could not, with reasonable diligence, have discovered and produced at the hearing. [¶] (e) That the findings of fact do not support the order or decision."

Appellant's principal contention is that the Board's decision is not supported by adequate evidence. With respect to its own conduct, appellant contends that it "acted with reasonable prudence and substantially complied with the requirements for perfecting its appeal with the . . . Board," noting that aside from its original appeal forms, Estrada submitted a 161 form and second appeal form in March 2007. For the reasons explained below, we disagree.

Generally, the Board has declined to reconsider the dismissal of an appeal due to noncompliance with the pertinent regulatory requirements when the employer had notice of the requirements, notwithstanding the employer's allegation that it misunderstood them. (*In re Greka Energy* (Cal. O.S.H.A., Dec. 3, 2003, No. 03-R4D5-9248) 2003 WL 23111209, pp. *1–*2 [misunderstanding of appeal process did not constitute good cause for late appeal when relevant requirement was stated on citation]; *In re 19th Auto Body Center* (Cal. O.S.H.A., Apr. 13, 1995, No. 94-R1D1-9001) 1995 WL 227449, p. *2 [same].) Moreover, the Board has determined that notice of the regulations regarding appeal rights is properly provided on the citations themselves. (*In re McLean Steel, Inc.* (Cal. O.S.H.A., Mar. 27, 1987, No. 87-R2D5-9002) 1987 WL 270476, p. *2.)

Here, the pertinent regulations provide: "A completed appeal form shall be filed for each contested Division action." (Cal. Code Regs., tit. 8, § 359.1, subd. (a).) Under the regulations, an appeal form is defined as "completed" only when it satisfies the following criteria: "all required blanks filled in and boxes checked, with the signature of employer or employer's representative, and *citation(s) appealed from attached to the appeal form.*" (Cal. Code Regs., tit. 8, § 347, subd. (e), italics added.) The regulations further state: "If an appeal is initiated by other than an appeal form, a completed appeal form shall be filed with the . . . Board within 10 days of the . . . Board's written acknowledgement by the . . . Board of the desire to

appeal. Failure to file a completed appeal form with the . . . Board within 10 days of written acknowledgement by the Board of the intent to appeal *constitutes grounds for dismissal.*" (Cal. Code Regs., tit. 8, § 359.1, subd. (b), italics added.)

■ Under these regulations, the Board has concluded that the failure to attach copies of citations to appeal forms is a proper basis for dismissal when the employer has been informed of this requirement. (*In re Mariani Packing, Inc.* (Cal. O.S.H.A., May 9, 2008, No. 07-R2D3-9574) 2008 WL 2169653, pp. *1–*2; *In re J. Madson Design & Construction* (Cal. O.S.H.A., Jan. 4, 2007, No. 06-R2D1-9121) 2007 WL 460703, pp. *1–*2.) Here, the record discloses ample evidence that appellant did not submit copies of the citations, despite repeated warnings that appellant was obliged to do so to avoid a dismissal of its appeals.

Appellant's reliance on the Board's decision in *In re Harris & Ruth Painting Contracting, Inc.* (Cal. O.S.H.A., Nov. 17, 1986, No. 86-R3D4-9024) 1986 WL 220425 (*Harris*), is misplaced. There, the Division issued citations to an employer, and asked it to report back on a form 160, which—like form 161—provides employers with an opportunity to describe abatement measures. (*Harris, supra,* 1986 WL 220425, at p. *1.) Instead of describing such measures, the employer challenged the alleged violations on the form 160, and submitted it to the Division. After the period for a timely appeal had elapsed, the employer notified the Board that it intended to appeal the citations, and the appeal was dismissed. (*Harris,* at p. *1.) The Board granted a petition for reconsideration, reasoning that the form 160—which had been submitted within the period for filing an appeal—established a "good faith attempt to effect an appeal." (*Harris,* at pp. *1–*2.) As the decision in *Harris* does not describe the information—if any—the Division's citations conveyed concerning appeals, it does not establish that an employer repeatedly informed of the appeal requirements may disregard them in attempting to perfect an appeal.

Appellant next contends that the Board was obliged to apply the doctrine of excusable neglect, as stated in Code of Civil Procedure section 473, subdivision (b), and Government Code section 11520, subdivision (c).[3]

---

[3] Code of Civil Procedure section 473, subdivision (b), states that "[t]he court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect," provided that an application for relief is made within a reasonable period not exceeding six months.

Government Code section 11520, subdivision (c)(2), states that in administrative proceedings, when a party defaults, the pertinent agency may grant relief from the default upon a showing of good cause, which includes "[m]istake, inadvertence, surprise, or excusable neglect."

Pointing to *Gibson v. Unemployment Ins. Appeals Bd.* (1973) 9 Cal.3d 494 [108 Cal.Rptr. 1, 509 P.2d 945] (*Gibson*), appellant argues that the doctrine is applicable to proceedings before the Board. We conclude that appellant is mistaken.

■ Usually, " 'a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.' " (*San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577 [7 Cal.Rptr.2d 245, 828 P.2d 147, quoting *Rose v. State of California* (1942) 19 Cal.2d 713, 723–724 [123 P.2d 505].)

Under this principle, section 6617, which governs reconsideration by the Board, displaces section 473, subdivision (b), of the Code of Civil Procedure, a general statute applicable to civil proceedings (8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 145, pp. 737–738). Similarly, section 6617 displaces subdivision (c) of Government Code section 11520 which, as a provision of the Administrative Procedure Act (Gov. Code, § 11500 et seq.), applies *only* to those administrative proceedings the Legislature has identified. (*Cockshott v. Department of Forestry & Fire Protection* (2004) 125 Cal.App.4th 235, 239 [22 Cal.Rptr.3d 675]; Gov. Code, § 11501, subd. (b).) As the Legislature has directed the Board to apply section 6617, and that section does not specify excusable neglect as a basis for reconsideration, appellant's reliance on Code of Civil Procedure section 473 and Government Code section 11520 is unavailing.

Nor does *Gibson* assist appellant. There, our Supreme Court addressed Unemployment Insurance Code section 1328, which provides that when an applicant for unemployment benefits fails to challenge a denial of benefits in a timely manner, the challenge may nonetheless be decided if the applicant shows "good cause." (*Gibson, supra,* 9 Cal.3d at p. 496.) The Unemployment Insurance Appeals Board adopted a rule under which no error by an applicant or his counsel, however reasonable or excusable, constituted good cause. (*Ibid.*) Noting that the statutory scheme was intended to help workers who were unemployed through no fault of their own, and who often lacked legal training and assistance, the Supreme Court rejected the rule, as it frustrated the legislative objectives of the scheme. (*Id.* at pp. 499–501.)

In contrast with the statutory scheme in *Gibson*, Cal-OSHA was enacted to secure "safe and healthful working conditions" by "enforc[ing] effective standards" and "encouraging employers to maintain safe and healthful working conditions." (§ 6300.) As the Board's interpretation of section 6617 and the related regulations encourages employers to give due attention to enforcement matters, the interpretation promotes the legislative purposes. Accordingly, it is neither "clearly erroneous [n]or unauthorized."[4] (*Lusardi Construction Co. v. California Occupational Safety & Health Appeals Bd., supra*, 1 Cal.App.4th at p. 645.)

■ Finally, appellant also contends that the Board was obliged to apply what it calls the doctrine of substantial compliance, in view of "the policy of the law to favor, whenever possible, a hearing on the merits" (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478 [243 Cal.Rptr. 902, 749 P.2d 339]). Appellant argues that its failure to submit copies of the citations was a mere formal error or minor irregularity, and that its timely filing of the appeal forms and other documentation was sufficient to perfect its appeals. We disagree. As noted above, the Division and the Board are separate entities; moreover, under the regulations governing the Board, the Division's citations frame the issues on appeal (Cal. Code Regs., tit. 8, § 361.3, subd. (a)), and employers are expressly required to provide copies of citations to the Board (Cal. Code Regs., tit. 8, § 347, subd. (e)). Because the citations are critical to proceedings before the Board, we discern no error in the Board's ruling that appellant's failure to provide the citations was fatal to its appeals.[5] In sum, the trial court properly denied the petition for writ of administrative mandate.

---

[4] Even if the doctrine of excusable neglect were applicable, the record does not establish such neglect. As explained above, the Board told appellant that it was obliged to provide copies of the citations, and later warned appellant that its appeals were at risk of being dismissed for want of the citations. In such circumstances, Estrada's lack of familiarity with Cal-OSHA proceedings does not, by itself, establish the existence of excusable neglect. (See *Khourie, Crew & Jaeger v. Sabek, Inc.* (1990) 220 Cal.App.3d 1009, 1015 [269 Cal.Rptr. 687] [business's inaction upon receipt of summons and clear warning that it faced a default judgment was not excusable neglect]; *Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1266–1270 [56 Cal.Rptr.3d 437] [layperson's decision to represent himself in litigation did not, by itself, entitle him to relief from judgment on grounds of excusable neglect].)

[5] Appellant asserts for the first time in its reply brief that the Board's ruling conflicts with the federal Occupational Safety and Health Act of 1970 (29 U.S.C. § 651 et seq.). Because appellant did not raise this contention in its opening brief, it is forfeited. (*Campos v. Anderson* (1997) 57 Cal.App.4th 784, 794, fn. 3 [67 Cal.Rptr.2d 350].) However, were we to address it, we would reject the contention on its merits. As the court explained in *Division of Labor Standards Enforcement v. Texaco, Inc.* (1983) 152 Cal.App.3d Supp. 1, 4–5 [199 Cal.Rptr. 561], California enacted Cal-OSHA to avoid being subject to its federal counterpart.

## DISPOSITION

The judgment is affirmed. Respondent and real party in interest are awarded their costs on appeal.

Epstein, P. J., and Willhite, J., concurred.