[No. B167641. Second Dist., Div. Two. Feb. 5, 2004.]

FAIR EMPLOYMENT AND HOUSING COMMISSION, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; LAS BRISAS APARTMENT, LTD. PARTNERSHIP et al., Real Parties in Interest.

**COUNSEL**

Bill Lockyer, Attorney General, Richard M. Frank, Chief Assistant Attorney General, Louis Verdugo, Jr., Assistant Attorney General, Suzanne M. Ambrose and Phyllis W. Cheng, Deputy Attorneys General for Petitioner.

No appearance for Respondent.

Craig Mordoh for Real Parties in Interest.

## OPINION

**NOTT, Acting P. J.**—Petitioner Fair Employment and Housing Commission (the Commission) seeks a peremptory writ of mandate directing respondent Los Angeles County Superior Court to vacate its order overruling the Commission's demurrer in favor of petitioners in the underlying action and real parties Las Brisas Apartments, Ltd. Partnership (Las Brisas) and Pico Union Housing Corporation (Pico), a general partner of Las Brisas. We conclude that Las Brisas and Pico failed to file the underlying petition within the 30-day statute of limitations set forth in Government Code section 11523[1] and order the trial court to vacate its order overruling the Commission's demurrer and to enter an order sustaining the demurrer.

## FACTS AND PROCEDURAL HISTORY

Las Brisas and Pico own real property consisting of an apartment complex located in Los Angeles, California.

On January 6, 2000, tenants Richard McKinney and Barbara Tyler-McKinney (the McKinneys) filed two complaints with the Department of Fair Employment and Housing (the Department) against Las Brisas and Pico, alleging race and family status discrimination under the Fair Employment and Housing Act (§ 12900 et seq.) (the FEHA) on behalf of themselves and as guardians ad litem for the five minor children living with them. The McKinneys alleged that Las Brisas and Pico created, printed, published and enforced rules of conduct that unlawfully discriminated against families with children.

On January 10, 2002, the Commission adopted its proposed decision as its final decision, finding that Las Brisas and Pico violated the FEHA. The Commission ordered Las Brisas and Pico to pay the McKinneys damages

---

[1] All further statutory references are to the Government Code unless otherwise indicated.

and a civil penalty; submit a written policy against unlawful housing discrimination; train their managing agents on housing discrimination laws; cease and desist from discriminatory practices; and post notices acknowledging their unlawful conduct toward the McKinneys.

The Commission served a notice of commission final decision on the parties on January 14, 2002, indicating that the decision was to become effective on February 13, 2002. The notice indicated that the deadline to file a motion for reconsideration as well as to file a motion to extend the time for reconsideration with the Commission was February 4, 2002. Additionally, the notice advised that any party seeking judicial review "may do so by filing a petition for writ of mandate in accordance with Code of Civil Procedure section 1094.5, [section] 11523 and Code of Regulations, title 2, section 7437."

On April 12, 2002, Las Brisas and Pico filed a petition for writ of administrative mandate under Code of Civil Procedure section 1094.5. On November 6, 2002, the trial court dismissed the petition for failure to serve the Commission and the McKinneys "within the time required by Local Rule 7.7." The minute order stated that the file reflected no activity on the matter since the petition was filed on April 12, 2002, and that Las Brisas and Pico failed to respond to the order to show cause or appear at the hearing.

On February 6, 2003, the trial court granted Las Brisas and Pico's motion to vacate dismissal, finding that relief was mandatory under the attorney fault provision of Code of Civil Procedure section 473, subdivision (b), and ordered counsel for Las Brisas and Pico to pay a penalty to the court in the sum of $500.

On February 26, 2003, the Commission demurred to Las Brisas and Pico's petition for writ of administrative mandate on the basis that the petition was untimely filed pursuant to the 30-day statute of limitations under section 11523. The trial court overruled the demurrer on April 10, 2003, finding that section 11523 "applies only to administrative proceedings conducted by Administrative Law Judges on the staff of the Office of Administrative Hearings, involving the revocation or issuance of a right, authority, license or privilege." The trial court also rejected the Commission's argument that the statute of limitations contained in section 11523 applied to it through California Code of Regulations, title 2, section 7437.

The Commission filed the instant petition for writ of mandate. We stayed the matter and issued an order to show cause.

## DISCUSSION

### I. *Standard of review*

█ Where there is no direct appeal from a trial court's adverse ruling, and the aggrieved party would be compelled to go through a trial and appeal from a final judgment, a petition for writ of mandate is allowed. (*Fogarty v. Superior Court* (1981) 117 Cal.App.3d 316, 320 [172 Cal.Rptr. 594].) Such a situation arises where the trial court has improperly overruled a demurrer. In that instance, the appellate court may direct the trial court to sustain the demurrer by writ of mandate. (*Ibid.*) Where a pure question of law is at issue, as here, the appellate court reviews the issue de novo. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].)

### II. *Section 11523 applies to the Commission*

#### A. *The statutory and regulatory scheme*

The Commission contends that mandate should be issued to sustain the Commission's demurrer because the underlying petition for writ of administrative mandate is barred by the 30-day statute of limitations set forth in section 11523[2] and is therefore defective on its face. We agree.

█ General statutes of limitations do not apply where a specific statute of limitations is prescribed by statute. (*Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 22 [32 Cal.Rptr.2d 244, 876 P.2d 1043] [specific 90-day limitations period of Gov. Code, § 66499.37 applied rather than general limitations periods of Code Civ. Proc., §§ 318, 319, or 338]; *Howard Jarvis Taxpayers Assn. v. City of Los Angeles* (2000) 79 Cal.App.4th 242, 247–248 [93 Cal.Rptr.2d 742] [general three-year statute of limitations period of Code Civ. Proc., § 338, subd. (a) not applicable where 90-day limitations period of Gov. Code, § 65009, subd. (c)(1)(B) applied].) If the statutory language is clear and unambiguous, there is no need for construction. (*City of Ontario v. Superior Court* (1993) 12 Cal.App.4th 894, 901 [16 Cal.Rptr.2d 32].)

█ Our review of the relevant statutory scheme, beginning with the broad language of Government Code section 11500 et seq. (the Administrative

---

[2] Section 11523 states: "Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure, subject, however, to the statutes relating to the particular agency. Except as otherwise provided in this section, [any such] petition shall be filed within 30 days after the last day on which reconsideration can be ordered."

Procedure Act; hereafter APA),[3] and including more narrow statutes and regulations adopted by the Commission, convinces us that the specific statute of limitations of section 11523 applies to the Commission. The APA, under which section 11523 falls, applies to any agency as determined by the statutes relating to the agency. (§ 11501.) The FEHA is defined and established in title 2, part 2.8, section 12900 et seq. Section 12972, subdivision (a) of that title, states that the Commission shall conduct all actions and procedures in accordance with chapter 5, commencing with section 11500, and as specified by regulations adopted by the Commission. (§ 12972, subd. (a).) Under California Code of Regulations, title 2, section 7437, the Commission incorporated the rules for judicial review found in "the [APA], Government Code section 11523, and, for housing discrimination cases, Government Code section 12987.1." Section 12987.1, subdivision (a) directs any party aggrieved by the Commission's final order for relief to obtain review under section 1094.5 of the Code of Civil Procedure, which sets forth the procedures for review of administrative orders or decisions. Clearly, then, the Commission is governed by the specific statutory period of section 11523, rather than a general limitations period.

■ We are not persuaded by real parties' argument that the general statutory limitations period of Code of Civil Procedure section 338[4] should instead govern because if section 11523 were applicable, the enabling statute creating the Department "would have had to unequivocally apply all sections of Government Code §§ 11500 through 11529 ("APA") to the Department." Rather, the APA may govern conduct of a particular agency in one area but not another. (*California Standardbred Sires Stakes Com., Inc. v. California Horse Racing Bd.* (1991) 231 Cal.App.3d 751, 758 [282 Cal.Rptr. 656].) Taking a position contrary to the point just urged, and without citing any authority, real parties also contend that the enabling statutes impose only the discovery provisions of the APA upon the Department. As previously discussed, the above cited statutory and regulatory framework persuades us that section 11523 applies to the Commission.

B. *Mobley v. Los Angeles Unified School Dist. (2001) 90 Cal.App.4th1221, 1244 [109 Cal.Rptr.2d 591] (Mobley)*

Real parties next cite *Mobley* for the proposition that section 11523 does not apply here. In *Mobley*, the plaintiff subcontractor for the Los Angeles Unified School District (the District), brought an action against the District,

---

[3] Title 2, division 3, part 1, chapter 3.5 (commencing with section 11340), chapter 4 (commencing with section 11370), chapter 4.5 (commencing with Section 11400) and chapter 5 (commencing with section 11500) of the Government Code constitute the APA. (§ 11370.)

[4] Code of Civil Procedure section 338 states, in part, that an action upon a liability created by statute, other than a penalty or forfeiture, has a three-year statute of limitations period.

Department of Industrial Relations, Division of Labor Standard's Enforcement (DLSE), and five individuals arising out of a notice to withhold sums issued by the District. The plaintiff was accorded an administrative hearing on October 14, 1999, to specifically address whether reasonable cause existed for the withholding of the sums. The hearing officer concluded that reasonable cause existed. The plaintiff was served with a notice of the findings and decision on October 27, 1999. On January 6, 2000, the plaintiff filed a petition for administrative mandate and complaint. The plaintiff filed a second amended complaint and a separate petition for administrative mandate, which the District and DLSE demurred to on the basis that the petition was barred by the 60-day statute of limitations derived from sections 11521 and 11523, among other grounds. The trial court sustained the demurrer without leave to amend, based in part, on the reason that the plaintiff's claims were time-barred by the 60-day statute of limitations to seek judicial review of administrative decisions. (*Mobley, supra,* 90 Cal.App.4th at p. 1231.)

Division Four of this district concluded that the 90-day statute of limitations for local agencies set forth in Code of Civil Procedure section 1094.6, subdivision (b) applied.[5] The court determined that the petition could be viewed as one for ordinary mandate or as one for administrative mandate because the plaintiff alleged that he was not provided with a hearing as required under due process (a charge reviewable by ordinary mandate), and that the petition concerned the hearing officer's finding of reasonable cause (a charge reviewable by administrative mandate). (*Mobley, supra,* 90 Cal.App.4th at p. 1245.)

Real parties' citation to *Mobley* is not persuasive. *Mobley* was not concerned with the FEHA, which, as previously stated, is specifically directed by Government Code section 12972 to conduct all actions and procedures in accordance with section 11500 et seq. Rather, *Mobley* involved local agencies subject to the general limitations period set forth in Code of Civil Procedure section 1094.6. Indeed, Code of Civil Procedure section 1094.6, subdivision (g)[6] recognizes that a state law providing a shorter statute of limitations shall prevail over the longer limitations period of Code of Civil Procedure section 1094.6, subdivision (b).

Nevertheless, real parties latch onto the following statement made by the *Mobley* court in dispensing with the District and DLSE's contention that the

[5] Code of Civil Procedure section 1094.6, subdivision (b) provides, in pertinent part: "Any such petition shall be filed not later than the 90th day following the date on which the decision becomes final."

[6] Code of Civil Procedure section 1094.6, subdivision (g) provides: "This section shall prevail over any conflicting provision in any otherwise applicable law relating to the subject matter, unless the conflicting provision is a state or federal law which provides a shorter statute of limitations, in which case the shorter statute of limitations shall apply."

statute of limitations of sections 11521 and 11523 applied: "Government Code sections 11521 and 11523 are contained in a chapter, which by its terms applies only to administrative proceedings 'conducted by administrative law judges on the staff of the Office of Administrative Hearings' involving the revocation or issuance of a 'right, authority, license or privilege . . . .' ([]§§ 11502, subd. (a), 11503, 11504.) The real point may be that the provisions in this chapter, cited by [the plaintiff] in his pleadings, have no application to the present situation. If such is the case, that is the argument that should have been urged on demurrer." (*Mobley, supra,* 90 Cal.App.4th at p. 1243.)

Thus, real parties argue that section 11523 cannot apply here because the proceeding below was not a revocation hearing as referenced in section 11503, nor was it conducted by staff administrative law judges as required under section 11502, subdivision (a).

First, section 11503 merely provides that a hearing to determine whether a right shall be revoked shall be initiated by filing an accusation. Section 11501, which broadly states that the APA applies to any agency as determined by the statutes relating to that agency, does not limit the APA to revocation hearings, and we do not read section 11503 to so provide.

Moreover, section 11502, subdivision (a) cannot be read in a vacuum. Originally, former section 11501, subdivision (b) enumerated the agencies to which section 11500 applied. (Former § 11501, subd. (b).) In 1995, section 11501 was "revised to make this chapter the default procedure, absent a contrary statute, for agencies created after the operative date of the revision." (Cal. Law Revision Com. com., 32C West's Ann. Gov. Code (2004 supp.) foll. § 11501, p. 213.) Thus, the enumeration of agencies was deleted as obsolete, and the application of section 11500 et seq. to the hearings of an agency was to be determined by the statute relating to the agency. (Cal. Law Revision Com. com., 32C West's Ann. Gov. Code, *supra,* foll. § 11501, at p. 214.) In any event, the Commission (and its predecessor, the Fair Employment Practices Commission), was listed as an enumerated state agency under previous incarnations of section 11501, subdivision (b), and therefore was included as one of the agencies to which section 11500 applied. (Former § 11501, subd. (b), added by Stats. 1961, ch. 104, § 1, p. 1114; Stats. 1980, ch. 992, § 2, p. 3139.)

Eventually, the Commission was deleted from the list of agencies, because effective 1993, under revised section12935, subdivision (j), the Commission was given authority to appoint its own hearing officers. The revised statute gives the Commission the power, "Notwithstanding [section 11502], to appoint hearing officers, as it may deem necessary, to conduct hearings."

(§§ 12935, subd. (j), 12972; Legis. Counsel's Dig., Assem. Bill No. 2392 (1991–1992 Reg. Sess.) 4 Stats. 1992, Summary Dig., pp. 377–378.) Our reading of section 12935, subdivision (j) convinces us that the Legislature understood the requirement of section 11502, subdivision (b) that hearings of state agencies under that chapter shall be conducted by staff administrative law judges, but by inserting the phrase "[n]otwithstanding [section 11502]," intended to except the Commission from that requirement. Thus, we conclude the Legislature intended the limitations period of section 11523 to apply to the Commission, even though the Commission does not use staff administrative law judges as contemplated under section 11502, subdivision (b). Hence, for multiple reasons, *Mobley*'s reference to the applicability of section 11523 only when staff administrative law judges preside over revocation hearings has no bearing on the instant petition.

We find that Las Brisas and Pico failed to file the underlying petition within the 30-day statute of limitations set forth in section 11523. Instead, they filed the underlying petition on April 12, 2002, more than 30 days after the February 13, 2002 effective date of the Commission's decision. We conclude that the trial court erred in denying the demurrer.

## DISPOSITION

The order to show cause is discharged, and the stay is dissolved. Let a peremptory writ of mandate issue directing respondent Los Angeles County Superior Court to vacate its order overruling the Commission's demurrer and to enter a new order sustaining the demurrer without leave to amend. Petitioner shall recover its costs of petition from real parties.

Doi Todd, J., and Ashmann-Gerst, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied April 21, 2004. Werdegar, J., did not participate therein.