Filed 12/29/15  Certified for publication 1/20/16 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>    Respondent;<br><br>JERI DINES,<br><br>    Real Party in Interest. | D068353<br><br>(San Diego County Super. Ct. No. 37-2014-00038529-CU-PO-CTL) |

PETITION for writ of mandate challenging an order of the Superior Court of San Diego County, Ronald S. Prager, Judge.  Relief granted.

Jan I. Goldsmith, City Attorney, Daniel F. Bamberg, Assistant City Attorney, George F. Schaefer and Kristin M. J. Zlotnik, Deputy City Attorneys, for Petitioner.

No appearance for Respondent.

Gilleon Law Firm, Daniel M Gilleon and Steve Hoffman for Real Party in Interest.

Under the California Government Claims Act (Act) (Gov. Code, § 810 et seq.),[1] a lawsuit for damages cannot be filed against a public entity unless the claimant first files a claim with the entity within a statutory period (usually six months after accrual of a cause of action) and the claim has been totally or partially denied or deemed denied within a specified time. (§§ 945.4, 911.2, subd. (a).) If a claim is not timely filed with the entity, the claimant may file an application with the entity for leave to present a late claim. (§ 915, subd. (a).) The entity generally must grant or deny that application within 45 days after it was filed. (§ 911.6, subd. (a).) If the public entity denies the application for leave to file a late claim, it must serve the claimant with a written notice of denial that includes a warning advising the claimant (1) he or she cannot file a lawsuit against it unless the claimant first files a petition with the trial court for an order relieving him or her from the claims presentation requirements of section 945.4, and (2) the petition must be filed *within six months from* the date of the entity's *denial* of the claimant's application for leave to file a late claim. (§ 911.8.) Section 946.6, subdivision (b), provides a petition for such a court order must be filed "within six months after the application to the board [of the public entity] is denied or deemed to be denied . . . ."

On May 8, 2014, petitioner City of San Diego (City) denied the application of Jeri Dines, the real party in interest, for leave to file a late claim, but she did not file her petition with the trial court for an order relieving her from the claims presentation requirements until November 13, 2014 (i.e., more than six months after City denied her

---

[1]     All statutory references are to the Government Code.

2

application).  However, citing section 915.2, subdivision (b)'s provision that extends by five days the period for a recipient of a mailed notice to respond to the notice, the trial court granted her petition, concluding section 915.2, subdivision (b), gave her an additional five days to file her section 946.6 petition.  Citing *Rason v. Santa Barbara City Housing Authority* (1988) 201 Cal.App.3d 817 (*Rason*), City filed the instant petition for writ of mandate challenging the trial court's order.  City argues section 915.2, subdivision (b), is inapplicable to, and does not extend, section 946.6's six-month limitations period for filing a petition with the court.  We agree with City and grant the requested relief.

## FACTUAL AND PROCEDURAL BACKGROUND

Dines alleged former City Mayor Bob Filner inappropriately touched her on May 25, 2013.  On May 6, 2014, she filed an application with City for leave to file a late claim pursuant to section 911.4, subdivision (a).  On May 8, City denied her application.  Also on May 8, City mailed a notice to Dines informing her that her application for leave was denied.  That notice further informed her of the provisions of section 946.6, stating:

> "If you wish to file a court action on this matter, **you must first petition the appropriate court** for an order relieving you from the provision[s] of Government Code Section 945.4 (claims presentation requirement).  See Government Code [section] 946.6.  **Such petition must be filed with the court within 6 (six) months from the date your application for leave to present a late claim was denied**."

On November 12, 2014, Dines filed a complaint against City and Filner.  On November 13, she filed a petition with the trial court for an order relieving her from the claims presentation requirements.  City opposed her petition, citing *Rason* and arguing her petition was untimely filed and therefore barred by section 946.6's six-month

3

limitations period. Dines replied to City's opposition, arguing section 915.2, subdivision (b), applied to extend section 946.6's six-month period by an additional five days after City mailed to her the notice of its denial of her application for leave to file a late claim, and therefore her petition was timely filed.

On April 30, 2015, the trial court issued an order granting Dines's petition. It concluded that although Dines had six months after May 8, 2014, (the date on which City denied her application) to file the petition pursuant to section 946.6, subdivision (b), that period was extended by an additional five days pursuant to section 915.2, subdivision (b)'s provision regarding notices served by mail. Therefore, the court concluded Dines's petition was timely filed. The court distinguished *Rason* on the basis that it was decided before the 2002 amendment to section 915.2 that added the five-day extension provision.

On June 26, City filed the instant petition for writ of mandate, challenging the trial court's order. On August 5, we issued an order to show cause why the relief requested should not be granted, and stayed further proceedings in the trial court. Dines thereafter filed a formal return to the petition and City replied to her return.

## DISCUSSION

### I

*Section 946.6 and Relevant Cases*

Section 946.6 provides in relevant part:

> "(a) *If an application for leave to present a claim is denied* or deemed to be denied pursuant to Section 911.6, *a petition may be made to the court for an order relieving the petitioner from Section 945.4* [claims presentation requirements]. . . .

4

"(b)  The petition shall show each of the following:

"(1)  That application was made to the board under Section 911.4 and was denied or deemed denied.

"(2)  The reason for failure to present the claim within the time limit specified in Section 911.2.

"(3)  The information required by Section 910.

"*The petition shall be filed within six months after the application to the board is denied* or deemed to be denied pursuant to Section 911.6."[2]  (Italics added.)

Section 911.8, subdivision (a), provides that a public entity must give written notice to claimants of its action (e.g., denial of application for leave to present a law claim) either personally or by mail pursuant to section 915.4.  Section 911.8, subdivision (b), provides that written notice of denial of an application for leave must contain a warning substantially as City gave Dines in this case, including a warning that "[s]uch petition must be filed with the court *within six* (*6*) *months from the date* your application for leave to present a late claim was *denied*."  (Italics added.)

In *Rason*, the court addressed the question of whether section 946.6's six-month period begins to run from the date the application for leave is *denied* by the public entity or the date on which that entity serves *notice* (whether served personally or by mail) of

_____

[2]      Section 945.4 provides: "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division."

that denial on the claimant. In that case, the public entity denied the claimants' application for leave to file a late claim on June 18, 1986, but did not mail a notice of that denial to the claimants until almost July 22, 1986. (*Rason*, *supra*, 201 Cal.App.3d at p. 821.) The notice contained language substantially similar to the language of the notice given Dines by City in this case, including an express reference to section 946.6 and the statement that " '[s]uch petition must be filed with the court within six (6) months from the date your Application for Leave to Present Late Claim was denied.' " (*Rason,* at p. 821.) The claimants did not file their petition for relief with the trial court until January 15, 1987, more than six months after the government entity denied their application for leave. (*Ibid*.) The trial court dismissed their petition because it was not filed within six months of June 18, 1986, the date their application for leave was denied. (*Ibid*.)

On appeal from the order dismissing their petition, *Rason* concluded: "The plain meaning of section 946.6, subdivision (b), is that the six-month clock began to run on June 18, the actual *date of denial*." (*Rason*, *supra*, 201 Cal.App.3d at p. 823, italics added.) The court rejected the claimants' argument that section 946.6's six-month period began to run on the date they received *notice* of denial of their application for leave and not on the date of denial. (*Rason,* at pp. 823-824.) *Rason* discussed section *945.6*, which, in contrast to section 946.6, expressly provides the six-month period for filing a lawsuit after denial of a timely claim begins to run on the date *notice* of denial is personally delivered or deposited in the mail. (§ 945.6, subd. (a)(1); see also § 913.) *Rason* stated that, unlike section 945.6, under section *946.6* "[t]he clock begins to run on

6

the date that the application [for leave to file a late claim] is *denied*, even though the notice is mailed or delivered at a later date."[3] (*Rason, supra*, 201 Cal.App.3d at p. 824, italics added.) The court also noted its interpretation of section 946.6 comported with due process because the written notice of denial (as in this case) warned the claimants that the six-month period to file a petition began to run from the date of denial. (*Rason, at p. 825.*)

Rason* recognized the discrepancy between sections 945.6 and 946.6, stating the Legislature in 1970 amended section 945.6 to provide that its six-month period would run from the date of notice instead of the date of denial, but did not similarly amend section 946.6. (*Rason*, *supra*, 201 Cal.App.3d at pp. 825-826.) The court noted its "review of the legislative history fails to explain why section 946.6 was not similarly amended." (*Id.* at p. 825.) Under the 1970 amended version of section 945.6, rejected claimants would no longer be prejudiced by a late or undelivered notice. (*Rason,* at p. 826.) "Yet, for reasons unexplained by the legislative history, the Legislature did not also similarly amend section 946.6. *The clock for filing a petition* [for relief from the claims presentation requirements] *begins to run from the date of denial or 'deemed' denial by the*

---

3      Nevertheless, *Rason* noted that due process principles might estop a public entity from asserting section 946.6's six-month period if the required written notice of denial of an application for leave is not given until late in that period (e.g., 5 months 28 days later). (*Rason*, *supra*, 201 Cal.App.3d at p. 825.) In this case, however, there can be no estoppel because City mailed the required written notice on the same day it denied Dines's application for leave.

7

*public entity, not from the date of personal delivery or mailing of the notice*." (*Ibid.*, italics added.)

*Rason* further noted that in 1974 the Legislature added subdivision (b) to section 911.8 requiring the written notice of denial of an application for leave to include a warning that the six-month period for filing a petition with the trial court begins to run on the date the application is *denied*. (*Rason*, *supra*, 201 Cal.App.3d at p. 826.) The court assumed the Legislature "means what it says." (*Ibid.*) However, the court also assumed the Legislature "values uniformity in tort claims procedures and strives to fairly balance the rights of injured parties against those of public entities." (*Ibid.*) *Rason* commented:

> "The mystery of why the act protects a rejected claimant with a timely claim from the prejudicial effect of a tardy notice, but does not similarly protect a rejected applicant requesting leave to file an untimely claim, we leave to the Legislature to explain. Better yet, we hope it will act to correct this deficiency."[4] (*Rason*, *supra*, 201 Cal.App.3d at pp. 826-827.)

Because the claimants' petition was filed more than six months after the date their application for leave was denied, *Rason* concluded the petition was untimely filed under section 946.6 and affirmed denial by the trial court. (*Rason*, *supra*, 201 Cal.App.3d at pp. 821, 823.)

---

[4]    Despite *Rason*'s call for action by the Legislature to correct this inconsistency between sections 945.6 and 946.6, section 946.6's language regarding its six-month limitations period has *not* been amended during the 27-year period since *Rason*'s issuance. Inaction by the Legislature supports an inference it originally intended, and continues to intend, that section 946.6's six-month period begins to run on the date of *denial* of an application for leave, and *not* on the date *notice* of denial is given.

8

*City of Los Angeles v. Superior Court* (1993) 14 Cal.App.4th 621 agreed with *Rason*'s interpretation of section 946.6 and concluded: "The failure to timely comply with the Government Code requirements concerning claims bars a subsequent suit. [Citations.] Here, plaintiffs were required to file their petition pursuant to section 946.6 within six months of July 17, 1991 [apparently the date of denial], and they failed to do so. Plaintiffs' action for recovery of personal property damages is therefore barred." (*City of Los Angeles,* at pp. 627-628.)

In a case primarily addressing the issue of estoppel and whether the date of denial must be included in a section 911.8 written notice, *D.C. v. Oakdale Joint Unified School Dist.* (2012) 203 Cal.App.4th 1572 cited *Rason*'s holding that section 946.6's six-month period begins to run on the date of denial and not the date of notice of that denial. (*D.C.*, at pp. 1581-1582, fn. 5.) *D.C.* quoted section 946.6, subdivision (b)'s language regarding its six-month period after the date of denial for filing a petition and concluded it "operates as a statute of limitations. It is mandatory, not discretionary." (*D.C.*, at p. 1582.)

II

*Application of Section 946.6 to This Case*

City contends the trial court erred by not applying *Rason* and section 946.6's express language to the facts in this case to bar Dines's petition as untimely filed. It asserts the court wrongly relied on an amendment to section 915.2, subdivision (b), to conclude section 946.6's six-month period is extended by an additional five days when the written notice of denial is served by mail.

9

A

Although the decision to grant or deny a section 946.6 petition is generally within the sound discretion of the trial court, that discretion is not unfettered. (*Department of Water & Power v. Superior Court* (2000) 82 Cal.App.4th 1288, 1293.) "The general policy favoring trial on the merits cannot be applied indiscriminately so as to render ineffective the statutory time limits." (*Ibid.*) Furthermore, we review de novo, or independently, a trial court's decisions on questions of law, such as construction of a statute and whether a claim is barred by a statute of limitations. (*Fair Employment & Housing Com. v. Superior Court* (2004) 115 Cal.App.4th 629, 633; *San Diego Gas & Electric Co. v. Superior Court* (2007) 146 Cal.App.4th 1545, 1549.) "Although mandamus does not generally lie to control the exercise of judicial discretion, mandate may lie to order its exercise in a particular manner where the facts support only one decision." (*San Diego Gas & Electric Co.*, at p. 1549.) Regarding statutory construction, if the language of a statute is clear and unambiguous, its plain language controls and there is no need for construction. (*Fair Employment & Housing Com.*, at p. 633.)

B

We conclude the 2002 amendment to section 915.2 does not support the trial court's conclusion that section 946.6's six-month period is extended by five days when written notice of denial of an application for leave to file a late claim is given by mail. Before 2002, former section 915.2 provided that if any notice "under this chapter [i.e., chapter 2 of part 3 of the Act] is given by mail, the . . . notice shall be mailed in the manner prescribed in this section. . . . The . . . notice shall be deemed to have been

10

presented and received at the time of the deposit [in the United States post office or mailbox]." (See Historical and Statutory Notes, 32 Pt. 2 West's Ann. Gov. Code (2012 ed.) foll. § 915.2, p. 494.) Therefore, before 2002, notices mailed under the Act were deemed given at the time of mailing. In 2002, section 915.2 was amended to add the following language now appearing in subdivision (b): "Any period of notice and any duty to respond after receipt of service of a . . . notice is extended five days upon service by mail . . . ." (Stats. 2002, ch. 1124, § 7.) In 2011, section 915.2, subdivision (b), was amended to add the following sentence: "This subdivision shall not apply to the written notice set forth in Section 945.6 or the filing of a complaint after denial of a claim." (Stats. 2011, ch. 308, § 7.)

The trial court's reasoning in this case erroneously assumed section 946.6's six-month period began to run on *notice* of City's denial of Dines's application for leave. However, the plain language of section 946.6 shows its six-month period begins to run on *denial* of an application for leave and *not* on *notice* of that denial. (§ 946.6, subd. (b); *Rason*, *supra*, 201 Cal.App.3d at pp. 823-824, 826.) Because section 915.2's five-day extension applies to periods for giving *notice* and *duties to respond to notices*, it does not apply to a limitations period that begins to run based on an event or date other than the date of notice. Section 915.2, subdivision (b)'s five-day extension of the period to respond to a notice under the Act does *not* apply to section 946.6's period for filing a petition for relief within six months after the *denial* of an application for leave to file a late claim. We agree with *Rason* that under section 946.6, as it presently reads, it is the date of denial, and not the date of notice of that denial, that begins the time to run on its

11

six-month limitations period. Therefore, contrary to Dines's assertion, the 2002 amendment to section 915.2 that added the five-day extension provision for notices mailed under the Act is irrelevant to section 946.6's six-month period.

For the same reasons discussed above, contrary to Dines's assertion, the 2011 amendment to section 915.2 that added the provision excluding section *945.6 written notices* and the filing of complaints after denial of timely claims does *not* show the Legislature intended its five-day extension for mailed notices to apply to section 946.6's six-month period.[5] Rather, the Legislature presumably did not include section 946.6 in its amendment to section 915.2, subdivision (b), that excludes section 945.6 written notices from the five-day extension provision because, unlike section 945.6, the six-month period under section 946.6 begins to run on *denial* of an application for leave and not on written notice of that denial. Therefore, the cases cited by Dines regarding the construction of statutes that include certain exceptions (see, e.g., *Simmons v. Ghaderi* (2008) 44 Cal.4th 570; *Building Profit Corp. v. Mortgage & Realty Trust* (1995) 36 Cal.App.4th 683) are inapplicable to our construction of section 946.6 because section 915.2 itself is inapplicable to the six-month limitations period under section 946.6. Furthermore, because the Legislature has not amended section 946.6's language to parallel the language of section 945.6 regarding when their respective periods begin to

---

5       As noted above, section 915.2, subdivision (b), was amended in 2011 to add the following sentence: "This subdivision shall not apply to the written notice set forth in Section 945.6 or the filing of a complaint after denial of a claim." (Stats. 2011, ch. 308, § 7.)

12

run (i.e., date of denial for § 946.6 and date of mailing of notice of denial for § 945.6) in the 27-year period since *Rason* "red-flagged" this statutory discrepancy, we presume the Legislature continues to intend that section 946.6's six-month period shall begin to run on denial of an application for leave and not on notice of that denial, and omission of section 946.6 in its 2011 amendment to section 915.2 regarding the limitations period after written notice is a reflection of that continued legislative intent.

Because Dines filed her section 946.6 petition for relief with the trial court more than six months after City denied her application for leave to file a late claim, it was untimely filed and should have been dismissed by the court. The court erred by granting her section 946.6 petition.

### DISPOSITION

Let a peremptory writ of mandate issue directing the trial court to vacate its order granting the petition for relief and enter a new and different order denying the petition. The stay issued by this court on August 5, 2015, is vacated. The parties shall bear their own costs in this proceeding.


McDONALD, J.

WE CONCUR:

HALLER, Acting P. J.

AARON, J.


13

Filed 1/20/16

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO,<br><br>     Petitioner,<br><br>     v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>     Respondent;<br><br>JERI DINES,<br><br>     Real Party in Interest. | D068353<br><br>(San Diego County Super. Ct. No.<br>  37-2014-00038529-CU-PO-CTL)<br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION |

THE COURT:

The opinion filed December 29, 2015, is ordered certified for publication.

HALLER, Acting P. J.

Copies to: All parties