[No. C045732. Third Dist. Dec. 22, 2004.]

PERRY D. COCKSHOTT, Plaintiff and Appellant, v.
DEPARTMENT OF FORESTRY AND FIRE PROTECTION et al.,
Defendants and Respondents.

236

**COUNSEL**

Law Office of Patrick B. Greenwell and Patrick B. Greenwell for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Tom Greene, Mary E. Hackenbracht, Assistant Attorneys General, and Christa L. Shaw, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**SIMS, Acting P. J.—** ■ In this case, we hold that the statute of limitations governing the filing of a petition for administrative mandamus challenging a decision of the Board of Forestry and Fire Protection (the Board) is found in Public Resources Code section 4601.3.[1]

Defendant Department of Forestry and Fire Protection (Department) filed an administrative complaint charging plaintiff Perry D. Cockshott, a licensed timber operator, with unlawfully cutting and removing trees without a timber harvesting plan in violation of the Z'Berg-Nejedly Forest Practice Act (the Act). (§§ 4511, 4581, 4601.1, & 4601.2.) The Department assessed a $2,000 civil penalty. Cockshott requested a hearing and an administrative law judge (ALJ) ruled in his favor. The Board overruled the ALJ's proposed decision, and, on April 9, 2003, imposed a $1,000 penalty against Cockshott. The Board's decision was served on Cockshott on April 11, 2003.

---

[1] Undesignated statutory references are to the Public Resources Code.

Cockshott made several requests to the Board for preparation of the administrative record, starting on May 2, 2003. The Board filed the administrative record with the Calaveras County Superior Court on July 28, 2003, after Cockshott paid the $19 fee. Cockshott filed his petition for writ of mandate in Calaveras County Superior Court on August 13, 2003. The trial court sustained defendants' demurrer without leave to amend on the ground Cockshott's petition was untimely under section 4601.3.[2] It also found that even if the limitations period of Government Code section 11523 applied,[3] Cockshott did not make a timely request for preparation of the record.

Cockshott appeals from the judgment of dismissal. He argues the trial court erred in applying the statute of limitations set forth in section 4601.3, and, alternatively, that equity demands tolling of the limitations period while the administrative record is prepared. Cockshott also contends that if Government Code section 11523 applies, there is no evidence to support the trial court's finding that his request for preparation of the administrative record was untimely. We shall conclude section 4601.3 applies and affirm the judgment of dismissal.

DISCUSSION

I

■ The principal legal question in this appeal is whether judicial review is governed by the limitations period set forth in section 4601.3 or the period

---

[2] Section 4601.3, subdivision (a) reads: "Any party who is aggrieved by a final order issued by the board or an administrative law judge under Section 4601.2 may obtain review of the order in the superior court in the county in which the violation occurred by filing a petition for a writ of mandate with the court *within 30 days from the date of service of the order on the party.* If the aggrieved party does not petition for a writ of mandate within that 30-day period, the order of the board or an administrative law judge is not thereafter subject to review by any court." (Italics added.)

[3] Government Code section 11523, a part of the Administrative Procedures Act, provides in pertinent part: "Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure, *subject, however, to the statutes relating to the particular agency. Except as otherwise provided in this section, the petition shall be filed within 30 days after the last day on which reconsideration can be ordered.* . . . On request of the petitioner for a record of the proceedings, the complete record of the proceedings, or the parts thereof as are designated by the petitioner in the request, shall be prepared by the Office of Administrative Hearings or the agency and shall be delivered to petitioner, within 30 days after the request, which time shall be extended for good cause shown, upon the payment of the fee specified in Section 69950 for the transcript, the cost of preparation of other portions of the record and for certification thereof. . . . *Where petitioner, within 10 days after the last day on which reconsideration can be ordered, requests the agency to prepare all or any part of the record the time within which a petition may be filed shall be extended until 30 days after its delivery to him or her."* (Italics added.)

prescribed in Government Code section 11523. When reviewing a trial court's order sustaining a demurrer without leave to amend, we assume the truth of all facts properly pleaded to determine whether the petition alleges facts sufficient to state a cause of action under any legal theory. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189].)

Cockshott offers the following analysis in support of his claim that Government Code section 11523 controls. He explains that section 4601.2 allows the Board to choose one of two ways to address violations of the Act: (1) have the Board conduct a hearing on the alleged violation; or (2) refer the matter to an ALJ "assigned in accordance with Section 11370.3 of the Government Code." (§ 4601.2, subd. (c).) Cockshott maintains that once the Board elected to use an ALJ, California Code of Regulations, title 14, section 1057.3 required it to conduct proceedings in accordance with the Administrative Procedures Act (APA).[4] (Gov. Code, § 11500 et seq.) Accordingly, Cockshott argues he was entitled to rely on Government Code section 11523, the Government Code provision governing judicial review of administrative decisions. (See fn. 3, *ante.*)

Defendants contend that section 4601.3, subdivision (a) describes the limitations period applicable to their particular agency and therefore governs Cockshott's petition, which was filed more than 30 days after service of the Board's order. (See fn. 2, *ante.*)

We conclude section 4601.3, subdivision (a), applies here. Section 4601.2, subdivision (c), authorizes the Board to refer violations of the Act to an ALJ "*assigned* in accordance with Section 11370.3 of the Government Code." (Italics added.) The statute does not refer to any other part of the administrative adjudication section of the Government Code. It is well established that the "APA may govern conduct of a particular agency in one area but not another." (*Fair Employment & Housing Commission v. Superior Court* (2004) 115 Cal.App.4th 629, 634 [9 Cal.Rptr.3d 409], citing *California Standardbred Sires Stakes Com., Inc. v. California Horse Racing Bd.* (1991) 231 Cal.App.3d 751, 758 [282 Cal.Rptr. 656] (*Standardbred Sires.*) "[T]he Legislature has demonstrated that where it intends the APA to apply, it clearly says so. Conversely, a failure to so state can only be interpreted as indicating the inapplicability of the APA." (*Aroney v. California Horse Racing Bd.* (1983) 145 Cal.App.3d 928, 932 [193 Cal.Rptr. 708].)

---

[4] California Code of Regulations, title 14, section 1057.3 provides: "In the event that the matter is delegated to an Administrative Law Judge, the proceedings shall be conducted in accordance with the provisions of Chapter 5 (commencing with § 11500) of Part 1, Division 3, Title 2 of the Government Code."

■ Moreover, Government Code section 11523 is a general statute, applicable to a wide variety of APA procedures, whereas section 4601.3 is a special statute, applicable only to judicial review of actions undertaken by the Board. " 'It is well settled . . . that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.' " (*San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577 [7 Cal.Rptr.2d 245, 828 P.2d 147], followed in *Miller v. Superior Court* (1999) 21 Cal.4th 883, 895 [89 Cal.Rptr.2d 834, 986 P.2d 170].)

■ Here, section 4601.3, the special statute, controls over Government Code section 11523, the general statute.

The record shows that Cockshott's petition is time-barred. Cockshott alleges in his petition that the Board overruled the ALJ's decision in meetings held on March 5, 2003, and April 9, 2003. He does not dispute defendants' representation that the Board served him with notice of its decision by mail on April 11, 2003. The face of the mandate petition shows that it was filed on August 13, 2003, more than 30 days after service of the order and was therefore untimely under section 4601.3.

Having concluded the limitations period set forth in Government Code section 11523 does not apply, we need not address Cockshott's claim there was insufficient evidence he failed to timely request preparation of the record under that statute.

## II

Without citation to authority, Cockshott argues equity demands tolling of the statute of limitations. He maintains, "it would border on malpractice" for an attorney to file a writ petition to challenge agency action before the administrative record had been prepared.

■ This court rejected a similar claim in *Standardbred Sires, supra,* 231 Cal.App.3d 751. Business and Professions Code section 19463 provided for a 30-day period within which to seek judicial review. (*Standardbred Sires,* at p. 755.) Having filed its petition for writ of mandamus 49 days after the California Horse Racing Board rendered its licensing decision, plaintiff argued that the 30-day limitations period was equitably tolled because plaintiff did not receive a copy of the administrative record until 32 days after the decision of the board. (*Ibid.*) Reversing the trial court's ruling on demurrer, we explained

that " '[s]tatutes of limitation "are, of necessity, adamant rather than flexible in nature" and are "upheld and enforced regardless of personal hardship." [Citations.] "When the Legislature has decided to introduce an element of flexibility in a particular instance, it has expressly provided for extension of the limitation period . . . . [Citation.] In the absence of such a specific provision for extension, it must be inferred the Legislature did not intend to permit relief on grounds of good cause . . . . [Citation.]" [Citation.]' [Citation.]" (*Id.* at p. 756.) Where the applicable statute of limitations requires plaintiff to file a petition for writ of mandate before the record is available, defects in the petition are subject to cure by amendment. (*Id.* at p. 761, citing *Sinetos v. Department of Motor Vehicles* (1984) 160 Cal.App.3d 1172, 1175–1176 [207 Cal.Rptr. 207].)

## DISPOSITION

The judgment is affirmed.

Raye, J., and Butz, J., concurred.