Filed 7/20/16  Christ v. Dept. of Forestry and Fire Protection CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| GLENN CHRIST,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF FORESTRY AND FIRE PROTECTION et al.,<br><br>Defendants and Respondents. | C076957<br><br>(Super. Ct. No. CU13080171)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed in this case on June 27, 2016, be modified as follows:

1

On page 9, first full paragraph, after the last sentence add the following:

"The above allegations are inconsistent with the allegation in paragraph 5 of the second amended writ petition that plaintiff was ignorant of the Board's true name."

On page 9, second full paragraph, after the last sentence add the following:

"(Contra, *Parker v. Robert E. McKee, Inc*. (1992) 3 Cal.App.4th 512, 516-517 [the plaintiff was unaware of the factual basis for a cause of action against the respondent -- i.e., that the respondent was the general contractor -- when he filed the original complaint]; *Barrows v. Am. Motors Corp*. (1983) 144 Cal.App.3d 1, 5, 10 [no showing that the plaintiffs knew, at the time the original complaint was filed, that the defendants later named as Doe defendants were responsible for the alleged defective design and manufacture of the subject vehicle and its distribution]; *Hollister Canning Co. v. Superior Court* (1972) 26 Cal.App.3d 186, 189-191, 198 [the plaintiff named George E. Swett Co., a corporation, as a defendant in the original complaint but later named James E. Swett, individually and doing business as George E. Swett & Co., in place of a Doe defendant; the Doe amendment was allowed because, although it knew that Swett performed work in connection with the subject equipment, the plaintiff did not know Swett was a sole proprietorship and not a corporation, Swett was served with a copy of the original complaint, and his insurer filed an answer to that complaint].)"

On page 10, first full paragraph, after the second sentence add the following:

"For example, the prayer of relief in the original writ petition asked for a writ of mandate vacating the Board's decision and compelling Cal Fire to dismiss the administrative action."

On page 16, first full paragraph, after the last sentence add the following:

"Additionally, plaintiff does not explain how the statements by the administrative law judge justifies relation back under section 474 or amendment under section 473, subdivision (a) in the circumstances of this case."

On page 16, second full paragraph, after the last sentence add the following:

"Even if plaintiff's asserted mistake is based on his reading of *Cockshott*, his mistaken belief does not constitute ignorance under section 474 nor permit amendment under section 473, subdivision (a) for reasons we have explained."

This modification does not change the judgment.

The petition for rehearing is denied.

FOR THE COURT:

_____
ROBIE, Acting P. J.

_____
MAURO, J.

_____
MURRAY, J.

3

Filed 6/27/16  Christ v. Dept. of Forestry and Fire Protection CA3 (unmodified version)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| GLENN CHRIST, | |
| Plaintiff and Appellant, | C076957 |
| v. | (Super. Ct. No. CU13080171) |
| DEPARTMENT OF FORESTRY AND FIRE PROTECTION et al., | |
| Defendants and Respondents. | |

The Department of Forestry and Fire Protection (Cal Fire) prepared a complaint for administrative penalties against plaintiff Glenn Christ after he made improvements on property without obtaining a Cal Fire exemption.  An administrative law judge issued a proposed decision and the Board of Forestry and Fire Protection (Board) adopted the decision as its own, imposing a $12,000 administrative penalty on plaintiff.

Plaintiff filed a petition for writ of administrative mandate in the Nevada County Superior Court, seeking to set aside the Board's decision.  The petition named Cal Fire and Does 1 to 50 as respondents, but did not name the Board.  After the statute of limitations had run, however, plaintiff filed a second amended writ petition substituting the Board in place of Doe 1.

1

The trial court sustained the Board's demurrer to the second amended writ petition without leave to amend. Based on the allegations in the original writ petition, the trial court found that when plaintiff initiated the action he knew the Board had made the challenged decision. Accordingly, the substitution of the Board as Doe 1 did not relate back to the filing of the original writ petition under Code of Civil Procedure section 474,[1] and the claim against the Board was barred by the statute of limitations.

Plaintiff now argues the following: (1) under section 474, the substitution of the Board for Doe 1 related back because, at the time plaintiff filed the original writ petition, he did not know the Board was legally distinct from Cal Fire; (2) his failure to name the Board as a respondent in the original writ petition was an excusable mistake justifying relation back under section 473, subdivision (a); (3) the Board is equitably estopped from asserting the statute of limitations because it refused to provide requested information; and (4) the Board made a general appearance in filing its demurrer and thus waived the statute of limitations defense.

We conclude (1) the substitution of the Board did not relate back, because the original writ petition confirms plaintiff knew the Board issued the challenged decision; (2) even if plaintiff made a legal mistake in not understanding the distinction between Cal Fire and the Board, the mistake is not excusable under section 473, subdivision (b); (3) plaintiff may not assert equitable estoppel for the first time on appeal; and (4) the Board did not forfeit its statute of limitations defense by demurring on that ground.

We will affirm the judgment.

### BACKGROUND

We draw the following facts from the allegations of the second amended writ petition and judicially noticed matters.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

2

Plaintiff owned approximately 50 acres of land in Nevada County, and the County agreed to purchase approximately 21 of those acres. The agreement required plaintiff to remediate a sinkhole and complete an access road to the County's adjoining land.

Cal Fire was the state department authorized to enforce the Z'berg-Nejedly Forest Practice Act of 1973 (Pub. Resources Code, §§ 4511 et seq.) (Forest Practice Act). It oversaw timber operations. Plaintiff informed Cal Fire of the work to be done under the agreement with Nevada County before he began the work. Nevertheless, a Cal Fire inspector informed plaintiff there were alleged violations of the Forest Practice Act. The inspector found that plaintiff failed to obtain a "three acre subdivision exemption."

Cal Fire served an administrative complaint against plaintiff on July 29, 2010, alleging that plaintiff cut down 10 to 15 trees in the course of constructing the road without first obtaining an exemption for subdivision development under Public Resources Code section 4628, subdivision (b). The complaint sought a civil penalty of $8,000 against plaintiff. A hearing was not held on that first complaint.

Cal Fire served a second administrative complaint against plaintiff on November 15, 2012, asserting the same allegations as the first complaint but this time seeking $12,000 in penalties against plaintiff. A hearing on the second complaint was held before an administrative law judge, who issued a proposed decision on August 5, 2013. The Board adopted the proposed decision on October 29, 2013, upholding the complaint and the $12,000 administrative penalty against plaintiff.

On November 26, 2013, plaintiff filed a verified petition for writ of administrative mandate (§ 1094.5) in Nevada County Superior Court, seeking to set aside the Board's decision. The petition named Cal Fire and Does 1 to 50 as respondents. Although the petition mentioned the Board in the allegations and prayer, it did not name the Board as a respondent. Shortly thereafter, on December 12, 2013, plaintiff filed a first amended writ petition, again naming only Cal Fire and Does 1 to 50 as respondents. The original writ

3

petition, amended writ petition and summons for both petitions were personally served on Cal Fire on December 13, 2013.

Cal Fire demurred to the first amended writ petition on the ground that it failed to state a cause of action against Cal Fire. Cal Fire argued plaintiff failed to name the entity that issued the challenged decision -- the Board -- as a respondent, and plaintiff could not amend the writ petition to cure the defect because the 30-day statute of limitations for bringing an action against the Board had expired. Cal Fire asserted that the Board and Cal Fire were separate entities and Cal Fire had no authority to overturn the Board's decision. Plaintiff opposed Cal Fire's demurrer and asked for leave to amend the writ petition. The trial court sustained the demurrer with leave to amend.

Plaintiff filed and served a second amended writ petition on March 3, 2014, alleging, among other things, that he was originally ignorant of the Board's true name and designated the Board as Doe 1, but subsequently discovered the true name of the Board and substituted the Board in place of Doe 1.

Cal Fire and the Board demurred to the second amended writ petition. Cal Fire argued once again that the petition failed to state a claim for writ relief against Cal Fire because Cal Fire did not make the challenged decision. The Board argued the petition was barred by the applicable statute of limitations (Public Resources Code, § 4601.3, subd. (a)) and did not relate back because when plaintiff filed the original writ petition he was not genuinely ignorant of the Board's identity or the facts allegedly entitling plaintiff to writ relief against the Board.

In opposing the demurrer, plaintiff did not claim to be unaware of the Board's identity when he filed the original writ petition. Rather, he said he held a good faith belief that Cal Fire was the overarching entity with jurisdiction over the matter.

The trial court granted respondents' request for judicial notice of the proposed decision by the administrative law judge and the Board's adoption of the proposed decision. The trial court ruled there was no basis for a writ of mandate against Cal Fire

4

because Cal Fire did not issue the challenged decision.  It sustained Cal Fire's demurrer to the second amended writ petition without leave to amend.**2**

The trial court also sustained the Board's demurrer without leave to amend, ruling that the substitution of the Board in place of Doe 1 did not relate back to the filing of the original writ petition.  According to the trial court, the original writ petition showed that plaintiff knew the Board made the final challenged decision.  The trial court said even if plaintiff mistakenly believed Cal Fire and the Board were the same entity, or that Cal Fire oversaw the Board, those were mistakes of law.  The trial court ruled a mistake of law is not relevant to a section 474 determination regarding relation back of a Doe amendment.

STANDARD OF REVIEW

A demurrer tests the legal sufficiency of the challenged pleading.  (*Milligan v. Golden Gate Bridge Highway & Transportation Dist*. (2004) 120 Cal.App.4th 1, 5.)  The standard of review of an order of dismissal following the sustaining of a demurrer is well established.  We independently evaluate the challenged pleading, construing it liberally, giving it a reasonable interpretation, reading it as a whole, and viewing its parts in context.  (*Id.* at pp. 5-6.)  We assume the truth of all material facts properly pleaded or implied and consider judicially noticed matter, but we do not assume the truth of contentions, deductions, or conclusions of law.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Aubry v. Tri-City Hospital Dist*. (1992) 2 Cal.4th 962, 966-967.)  We determine de novo whether the factual allegations of the challenged pleading are

---

**2** Plaintiff's appellate opening brief does not challenge the order sustaining Cal Fire's demurrer.  Plaintiff states in a footnote in his appellate reply brief that "the action should have been allowed to continue against the Department."  To the extent plaintiff asserts the demurrer order with regard to Cal Fire is erroneous, we do not consider arguments made for the first time in a reply brief absent a showing of good cause for the failure to present them earlier.  (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 482, fn. 10; *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)  Good cause has not been demonstrated.

adequate to state a cause of action under any legal theory. (*Milligan, supra*, 120 Cal.App.4th at p. 6.) We will affirm the judgment if proper on any grounds stated in the demurrer, whether or not the trial court acted on that ground. (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324.) The appellant bears the burden of demonstrating the demurrer was sustained erroneously. (*Friends of Shingle Springs Interchange, Inc. v. County of El Dorado* (2011) 200 Cal.App.4th 1470, 1485.)

If the trial court sustained the demurrer, we consider whether the challenged pleading might state a cause of action if the appellant were permitted to amend. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) If the complaint could be amended to state a cause of action, the trial court abused its discretion in denying leave to amend and we will reverse; if not, there has been no abuse of discretion and we will affirm. (*Ibid.*) The appellant bears the burden of showing a reasonable possibility that a defect can be cured by amendment. (*Ibid.*)

DISCUSSION

I

Plaintiff claims that under section 474, the substitution of the Board for Doe 1 related back because, at the time plaintiff filed the original writ petition, he did not know the Board was legally distinct from Cal Fire.

A petition for administrative mandamus challenging a decision of the Board must be filed within 30 days from the date of service of the decision on the party. (Pub. Resources Code, § 4601.3; *Cockshott v. Department of Forestry & Fire Protection* (2004) 125 Cal.App.4th 235, 237 (*Cockshott*).) Public Resources Code section 4601.3 is a statute of limitations. (*Cockshott, supra*, 125 Cal.App.4th at pp. 237, 241.)

It is undisputed that plaintiff did not name the Board as a respondent within the limitations period. However, section 474 provides that when a plaintiff is ignorant of the name of a defendant, he or she must state that fact in the complaint. (§ 474.) The plaintiff may designate the unknown defendant by any name and may subsequently

6

amend the complaint to add defendant's true name once plaintiff discovers it.  (§ 474.)
Under those circumstances, the fictitiously named defendant is considered a party to the
action from its commencement.  (*General Motors Corp. v. Superior Court* (1996)
48 Cal.App.4th 580, 589 (*General Motors Corp.*).)  The amended pleading relates back to
the filing of the original complaint and satisfies the statute of limitations if it involves the
same general set of facts.  (*Parker v. Robert E. McKee, Inc*. (1992) 3 Cal.App.4th 512,
516.)

      " '[T]he purpose of section 474 is to enable a plaintiff to avoid the bar of the
statute of limitations when he [or she] is ignorant of the identity of the defendant.
[Citations.]  The statute must be liberally construed to that end.  [Citations.]' " (*General
Motors Corp., supra,* 48 Cal.App.4th at p. 593, fn. 12.)  " 'There is a strong policy in
favor of litigating cases on their merits, and the California courts have been very liberal
in permitting the amendment of pleadings to bring in a defendant previously sued by
fictitious name.' " (*Streicher v. Tommy's Electric Co*. (1985) 164 Cal.App.3d 876, 882
(*Streicher*); see *Dieckmann v. Superior Court* (1985) 175 Cal.App.3d 345, 352, 355
(*Dieckmann*); *Munoz v. Purdy* (1979) 91 Cal.App.3d 942, 946 (*Munoz*).)  Nevertheless,
section 474 does not apply unless the plaintiff's claimed ignorance of the true name of a
fictitiously named defendant is real.  (*Dieckmann, supra*, 175 Cal.App.3d at p. 355.)

      A plaintiff is "ignorant of the name of a defendant" within the meaning of
section 474 if, at the time the original complaint is filed, the plaintiff is aware of the
identity and name of the defendant who is sued by a fictitious name, but lacks knowledge
of facts that would cause a reasonable person to believe that such defendant is probably
liable for the plaintiff's injuries.[3]  (*Fuller v. Tucker* (2000) 84 Cal.App.4th 1163, 1172;

---

[3]  Plaintiff's reliance on *Krupski v. Costa Crociere S. p. A*. (2010) 560 U.S. 538
[177 L.Ed.2d 48] is misplaced.  *Krupski* construed Rule 15(c) of the Federal Rules of
Civil Procedure, which governs when an amended pleading relates back under the federal

7

*Dieckmann, supra*, 175 Cal.App.3d at p. 363; *Miller v. Thomas* (1981) 121 Cal.App.3d 440, 444-445 (*Miller*); *Munoz, supra,* 91 Cal.App.3d at p. 946.)

The lack of knowledge requirement in section 474 is restricted to the actual knowledge of the plaintiff at the time the original complaint was filed. (*Streicher, supra,* 164 Cal.App.3d at pp. 882-883; *Munoz, supra*, 91 Cal.App.3d at p. 947.) The inquiry whether a plaintiff may substitute a defendant for one named as a Doe under section 474 is, therefore, different from whether a plaintiff timely filed a cause of action under the applicable statute of limitations. (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 943; *General Motors Corp., supra,* 48 Cal.App.4th at pp. 587-588.) "When a lawsuit is first initiated after the applicable period of limitations has expired and the plaintiff is entitled to claim the benefit of a delayed discovery rule (that is, when for one reason or another the plaintiff is granted an extended period within which to file suit), the relevant inquiry is what the plaintiff knew or, through the exercise of due diligence, reasonably could have discovered at an earlier date. . . . [¶] But where . . . a lawsuit is initiated within the applicable period of limitations against someone (that is, almost anyone at all) and the plaintiff has complied with section 474 by alleging the existence of unknown additional defendants, the relevant inquiry when the plaintiff seeks to substitute a real defendant for one sued fictitiously is what facts the plaintiff actually knew at the time the original complaint was filed." (*General Motors Corp., supra,* 48 Cal.App.4th at pp. 587-588, italics omitted.)

Plaintiff claims the trial court erred in not accepting as true, for the purpose of the demurrer, the allegation in his second amended writ petition that he was ignorant of the

---

rules. (*Id.* at p. 541 [177 L.Ed.2d at p. 53].) Unlike section 474, the inquiry under Rule 15(c) is not on what the plaintiff knew. (*Id.* at p. 548 [177 L.Ed.2d at p. 57].) In *Krupski* the Supreme Court rejected the appellate court's reliance on the plaintiff's knowledge. (*Id.* at p. 552 [177 L.Ed.2d at p. 60].)

true name of the Board.  Plaintiff says the trial court made a credibility determination when it ruled that plaintiff was aware of the existence of the Board.

But when a party pleads facts inconsistent with the allegations of prior pleadings and there is no explanation for the inconsistency, the court reviewing a demurrer may disregard the inconsistent allegations in the challenged pleading and read into that pleading the allegations of the superseded pleading.  (*Lockton v. O'Rourke* (2010) 184 Cal.App.4th 1051, 1061; *Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1043, fn. 25; *Owens v. Kings Supermarket* (1988) 198 Cal.App.3d 379, 383-384 (*Owens*).)  Here, the original writ petition alleged that "the Board of Forestry . . . issued a final decision," and plaintiff "is an aggrieved person with the right to judicial review of the Board of Forestry's Final Decision."  The original writ petition asked for "a writ of administrative mandate vacating and setting aside entirely the Final Order of the Board of the Department of Forestry and Fire Protection and compelling the Department of Forestry and Fire Protection to dismiss this proceeding in its entirety."  Plaintiff also referred to the Board's final decision in other parts of the original writ petition and alleged that the decision was an abuse of discretion for various reasons.  The first amended writ petition likewise referred to the Board and its final decision and alleged various defects in that decision.

Thus, the trial court properly took judicial notice of the original writ petition.  (*Owens, supra,* 198 Cal.App.3d at pp. 383-384.)  And it did not err in disregarding inconsistent allegations in the second amended writ petition because the original writ petition shows that, at the time plaintiff initiated the writ proceeding, he knew not only the name of the Board but also that the Board issued the challenged decision.  (*Ibid.*)  Plaintiff was not ignorant of the facts giving rise to his petition for writ of administrative mandate against the Board.

Nevertheless, there were other allegations in plaintiff's second amended writ petition that were not inconsistent with the original petition.  Plaintiff acknowledged that

9

he received the Board's final decision. The trial court took judicial notice of the proposed decision by the administrative law judge and the Board's adoption of the proposed decision as its final decision. The caption of the proposed decision states that the complaint and proposed order for administrative penalties against plaintiff was before the Board. The final decision dated October 29, 2013, states that the Board adopted the administrative law judge's proposed decision in the matter.

Plaintiff also claims that he believed the Board and Cal Fire were the same entity. But the original writ petition, which recognizes a distinction between the two entities, belies plaintiff's appellate claim. In any event, as we will explain, Cal Fire and the Board are separate entities as a matter of law, and any such mistake of law does not satisfy the ignorance requirement under section 474.

Cal Fire exists within the California Natural Resources Agency and is under the control of the Director of Cal Fire, who is appointed by the Governor. (Pub. Resources Code § 701, subd. (a); Gov. Code, §§ 12802, 12805.) The responsibilities of Cal Fire include the enforcement of the Forest Practice Act. (Pub. Resources Code, §§ 700, 714.) The director of Cal Fire may issue an administrative complaint against any person who violates the Forest Practice Act or a rule or regulation adopted under the Forest Practice Act, and propose a civil penalty be imposed against such person. (Pub. Resources Code, §§ 4601.1, subd. (b), 4601.2, subd. (a).)

The Board exists within Cal Fire and consists of nine members appointed by the Governor. (Pub. Resources Code, § 730, subd. (a).) The Board promulgates rules and regulations under the Forest Practice Act. (Pub. Resources Code, § 4551, subd. (a); *Public Resources Protection Assn. v. Department of Forestry & Fire Protection* (1994) 7 Cal.4th 111, 120.) The Board also decides whether to sustain alleged violations cited by Cal Fire and whether to affirm, modify, or set aside, in whole or in part, a civil penalty issued by Cal Fire, following a hearing during which Cal Fire and the person charged with a violation may present evidence. (Pub. Resources Code, § 4601.2, subds. (c)-(e);

10

Cal. Code Regs., tit 14, §§ 1057-1058.5.) The director of Cal Fire does not have the authority to amend or repeal any order, regulation, ruling, or directive of the Board. (Pub. Resources Code, § 710.) Public Resources Code section 4601.3 provides for judicial review of a final order issued by the Board or the administrative law judge, if an administrative law judge conducted the administrative hearing at the election of the chairman of the Board.[4] (Pub. Resources Code, § 4601.3, subd. (a).)

In *Elk County Water Dist. v. Department of Forestry & Fire Protection* (1997) 53 Cal.App.4th 1, the plaintiff filed a petition for writ of mandate challenging the validity of certain Forest Practice Act rules. (*Id.* at pp. 7-8.) The petition named Cal Fire as a respondent but not the Board. (*Id.* at p. 7.) The trial court held that the Board was an indispensable party whose absence precluded reaching the validity of the Forest Practice Act rules. (*Id.* at p. 8.) The appellate court agreed, explaining that the Board had rulemaking authority while Cal Fire only had enforcement authority. (*Ibid.*) The appellate court rejected the plaintiff's argument that the Board need not be separately served even though it exists within Cal Fire pursuant to Public Resources Code section 730. (*Id.* at p. 9.)

The second amended writ petition alleges that plaintiff was ignorant "regarding the need to name the Board of Forestry as a party." Plaintiff initially determined that Cal Fire was the proper respondent in a petition for administrative mandate to set aside a decision by the Board. Although he knew the Board issued the challenged decision, he elected not to name the Board as a respondent in the original writ petition. His asserted mistake, even if committed in good faith, does not satisfy the ignorance required under section 474. (*Miller, supra,* 121 Cal.App.3d at pp. 443, 445-446 [no ignorance where

---

[4] The original writ petition, first amended writ petition, and second amended writ petition allege that plaintiff's action is brought pursuant to Public Resources Code section 4601.3.

11

plaintiff knew the defendant was driver in accident but plaintiff's counsel chose only to proceed against driver's employer]; *Von Gibson v. Estate of Lynch* (1988) 197 Cal.App.3d 725, 730 [no ignorance of fact where the plaintiff did not know how to proceed against a deceased tortfeasor]; *Stephens v. Berry* (1967) 249 Cal.App.2d 474, 475-477 [no ignorance where plaintiffs knew James Berry was the driver in accident but plaintiffs' counsel mistakenly failed to name Berry as a defendant].)  Thus, the substitution does not relate back and does not survive the limitations period in Public Resources Code section 4601.3.

Plaintiff further argues that the trial court erred in not granting him leave to amend.  It is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility a defect can be cured by amendment. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.)  A plaintiff can demonstrate the manner in which the complaint can be amended to cure a defect for the first time on appeal.  (*Ross v. Creel Printing & Publishing Co*. (2002) 100 Cal.App.4th 736, 748; *Dudley v. Department of Transportation* (2001) 90 Cal.App.4th 255, 260.)  But plaintiff fails to explain on appeal how he can plead a claim against the Board that is not barred under Public Resources Code section 4601.3.  As we have explained, plaintiff's asserted good faith belief does not satisfy the ignorance requirement of section 474.

II

Plaintiff next contends his failure to name the Board in the original writ petition was an excusable mistake justifying relation back under section 473, subdivision (a).

The record does not indicate that plaintiff sought relief under section 473 in the trial court.  That would normally bar our consideration of the issue.  (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 110-111; *Tustin Plaza Partnership v. Wehage* (1994) 27 Cal.App.4th 1557, 1566; *Williams v. Los Angeles Unified School Dist*. (1994) 23 Cal.App.4th 84, 105)  But there is an exception where the facts are undisputed and the party raises a new question of law.  (*UFITEC, S.A. v. Carter* (1977) 20 Cal.3d

12

238, 249, fn. 2; *Petropoulos v. Department of Real Estate* (2006) 142 Cal.App.4th 554, 561.)  Here, the allegations cannot be disputed on demurrer unless they are contrary to facts judicially noticed.  (*Hoffman v. Smithwoods RV Park, LLC* (2009) 179 Cal.App.4th 390, 400 (*Hoffman*).)  We will consider whether plaintiff is entitled to relief under section 473, subdivision (a) based on the allegations in the second amended writ petition and matters of which the trial court took judicial notice.

Section 473, subdivision (a) permits amendment to correct a misnomer or a defect in the description or characterization of a party.  (*Hawkins v. Pacific Coast Bldg. Products, Inc*. (2004) 124 Cal.App.4th 1497, 1504-1505 (*Hawkins*).)  "Whether an amendment of a pleading will be allowed to change the description or characterization from an individual, a partnership or other association, after the statute of limitations has run depends on whether the misdescription or mischaracterization is merely a misnomer or defect in the description or characterization, or whether it is a substitution or entire change of parties.  In the former case an amendment will be allowed; in the latter, it will not be allowed." (*Thompson v. Palmer Corp*. (1956) 138 Cal.App.2d 387, 390.) Relation back applies when an amended complaint simply corrects a misnomer. (*Hawkins, supra*, 124 Cal.App.4th at p. 1503.)  But section 473, subdivision (a) does not authorize the addition of a new party, one whom the plaintiff failed to name as a defendant, after the statute of limitations has run.  (*Kerr-McGee Chemical Corp. v. Superior Court* (1984) 160 Cal.App.3d 594, 598-599 & fn. 3; *Stephens v. Berry, supra,* 249 Cal.App.2d at p. 478-479; *Thompson, supra,* 138 Cal.App.2d at p. 396.)  An amended complaint that adds a new defendant does not relate back to the date of filing of the original complaint.  (*Ibid.*)  Section 473, subdivision (a) does not permit amendment to add a new party to an action after the statute of limitations has run.  (*Stephens v. Berry, supra,* 249 Cal.App.2d at p. 478-479; *Chitwood v. County of Los Angeles* (1971) 14 Cal.App.3d 522, 525 (*Chitwood*) [the plaintiff cannot amend her complaint to replace Los Angeles County Flood Control District for the County of Los Angeles after the

13

statute of limitations had run, even if she made an honest mistake in the naming of the defendant, because the Flood District and the County are distinct entities]; *Milam v. Dickman Construction Co*. (1964) 229 Cal.App.2d 208, 212-213.)

Although plaintiff now claims this case involves "an accidental misnomer," the record shows plaintiff intended to sue Cal Fire and to omit the Board as a respondent. Plaintiff knew the names for Cal Fire and the Board when he commenced this action, and he knew the Board issued the challenged decision. Case authorities are inapposite to the extent they involve plaintiffs who made mistakes because a defendant conducted business under a fictitious name or used business names interchangeably. (*See, e.g*., *Hawkins, supra,* 124 Cal.App.4th 1497; *Mayberry v. Coca Cola Bottling Co.* (1966) 244 Cal.App.2d 350 (*Mayberry*); *Smith v. Pickwick Stages System* (1931) 113 Cal.App. 118.)

Moreover, plaintiff did not serve the Board until he filed the second amended writ petition. (Contra, *Thompson v. Southern Pacific Co*. (1919) 180 Cal. 730, 731-732, 734 [the plaintiff was permitted to replace Southern Pacific Railroad Company with Southern Pacific Company in a case where the correct defendant was served with the summons and original complaint]; *Smith v. Pickwick Stages System, supra,* 113 Cal.App. at pp. 121-123.) The statute of limitations had long expired by that time. Additionally, neither Cal Fire nor the Board "took steps to perpetuate plaintiff's error beyond the point of repair." (Contra, *Mayberry, supra*, 244 Cal.App.2d at pp.351-352, 354 [erroneously named defendant answered the complaint, took the plaintiff's deposition, and did not disclose that the plaintiff had sued the wrong entity until trial]; *Cuadros v. Superior Court* (1992) 6 Cal.App.4th 671, 676-678 [erroneously named entities answered the complaint and participated in the action for over three years without revealing that the proper defendant was a different entity]; *Kleinecke v. Montecito Water Dist*. (1983) 147 Cal.App.3d 240, 242-244, 246-248.)

The second amended writ petition alleges that plaintiff was ignorant of the need to name the Board as a respondent because (1) the administrative law judge said the matter was before Cal Fire and the difference between Cal Fire and the Board was a mere technicality; (2) counsel for Cal Fire said the Board delegated jurisdiction to Cal Fire and the Board is an appointed board within Cal Fire; (3) Cal Fire cited to *Cockshott, supra,* 125 Cal.App.4th 235; (4) Cal Fire's website lists the Board as a program within Cal Fire; (5) Public Resources Code section 730, subdivision (a) refers to the Board as existing within Cal Fire; and (6) Government Code section 11500, subdivision (b) refers to the Board as a party to administrative complaints served on plaintiff. We address these assertions in order.

Regarding the alleged statements by the administrative law judge and counsel for Cal Fire, "[u]nder the doctrine of truthful pleading, the courts 'will not close their eyes to situations where a complaint contains . . . allegations contrary to facts that are judicially noticed.' [Citation.] 'False allegations of fact, . . . contrary to facts judicially noticed [citation], may be disregarded . . .' [Citation.]" (*Hoffman, supra,* 179 Cal.App.4th at p. 400; accord *Pich v. Lightbourne* (2013) 221 Cal.App.4th 480, 490; *C.R. v. Tenet Healthcare Corp.* (2009) 169 Cal.App.4th 1094, 1102; *Hancock v. Burns* (1958) 158 Cal.App.2d 785, 790 (*Hancock*).) The record shows the following: After counsel for Cal Fire stated his appearance for the record at the administrative hearing, the administrative law judge asked whether counsel was appearing for Cal Fire or the Board. Counsel replied that he was appearing for Cal Fire. The administrative law judge then asked counsel to clarify why some of the documents presented for the hearing referred to the Board. Cal Fire's counsel explained that the Board is an appointed board within Cal Fire and the Board has jurisdiction over these cases, but the Board delegated authority to Cal Fire so that Cal Fire prosecutes the case, the Office of Administrative Hearings hears the matter, and the Board is the "ultimate decider." The administrative law judge subsequently explained to plaintiff that she would make findings based on the

15

evidence, apply the law to the findings, and prepare a proposed decision; and the Board would make the ultimate decision in the matter.

The administrative law judge did not say that the difference between Cal Fire and the Board was a mere technicality. The administrative law judge and counsel for Cal Fire did not say Cal Fire and the Board are the same entity, or indicate that an action seeking judicial review of the Board's decision need not name the Board as a party. Rather, the proposed decision by the administrative law judge stated that the matter was before the Board. And the final decision challenged by the writ petition said the Board adopted the proposed decision of the administrative law judge as the Board's decision. We are not required to accept the contrary factual allegations in the second amended writ petition. (*Hoffman, supra,* 179 Cal.App.4th at p. 400.)

Continuing with the items enumerated in plaintiff's second amended writ petition as justifying his mistake, the decision in *Cockshott, supra,* 125 Cal.App.4th 235, is not on point. *Cockshott* involved a dispute over the applicable statute of limitations and whether equity required tolling of the limitations period during preparation of the administrative record. (*Id.* at p. 238.)

Plaintiff also points to Cal Fire's website, but the trial court denied his request to take judicial notice of the website and plaintiff does not challenge the trial court's ruling on appeal. In any event, as we have explained, Cal Fire and the Board are distinct entities as a matter of law. For that same reason, plaintiff's references to Public Resources Code section 730, subdivision (a), and Government Code section 11500, subdivision (b), are also unavailing.

Plaintiff's contention based on section 473, subdivision (a) lacks merit.

### III

Plaintiff next asks us to conclude that the Board is equitably estopped from asserting the statute of limitations because it refused to provide plaintiff with requested information.

16

" '[T]he doctrine of equitable estoppel is a rule of fundamental fairness whereby a party is precluded from benefiting from his inconsistent conduct which has induced reliance to the detriment of another [citations]. Under well settled California law four elements must be present in order to apply the doctrine of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury . . . .' [Citation.]" (*In re Marriage of Turkanis & Price* (2013) 213 Cal.App.4th 332, 352.) "Generally, the existence of . . . estoppel . . . is a question of fact for the trial court, whose determination is conclusive on appeal unless the opposite conclusion is the only one that we can reasonably draw from the evidence." (*Id.* at p. 353.) A party forfeits a claim of equitable estoppel when he or she fails to assert it in the trial court. (*Ibid.* [generalized arguments regarding unfairness do not put the trial court on notice that it should make essential factual findings regarding estoppel]; *Rogers v. County of Los Angeles* (2011) 198 Cal.App.4th 480, 490, fn. 6; *P&D Consultants, Inc. v. City of Carlsbad* (2010) 190 Cal.App.4th 1332, 1344.)

Plaintiff did not raise a claim of equitable estoppel in the trial court and he may not raise such a claim for the first time on appeal. This is not a case where the facts regarding the application of equitable estoppel are uncontroverted and the questions can be decided as a matter of law.

Although plaintiff claims he raised an estoppel argument at pages 337 to 338 of the superior court file, those pages relate to the motion for reconsideration plaintiff filed after judgment of dismissal was entered. We do not consider matters that were not before the trial court when it decided the demurrer. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3; *Shuts v. Covenant Holdco LLC* (2012) 208 Cal.App.4th 609, 622, fn. 7.)

17

IV

Plaintiff also claims the Board made a general appearance when it demurred to the second amended writ petition, thereby waiving the statute of limitations defense.

The demurrer was the first document filed by the Board in this action. It properly raised the statute of limitations defense. (*Iverson, Yoakum, Papiano & Hatch v. Berwald* (1999) 76 Cal.App.4th 990, 995; *Basin Construction Corp. v. Department of Water & Power* (1988) 199 Cal.App.3d 819, 823; *O'Neil v. Spillane* (1975) 45 Cal.App.3d 147, 156.) The Board did not forfeit the statute of limitations defense by interposing a demurrer on that ground. (*Chitwood, supra*, 14 Cal.App.3d at pp. 525-526 [rejecting argument that the defendant generally appeared by opposing the plaintiff's motion to amend the complaint; the defendant's sole purpose in appearing was to object to the assertion of jurisdiction over its person]; *Hancock, supra,* 158 Cal.App.2d at p. 791 [rejecting argument that demurrer was a general appearance which waived the defendants' defense].)

DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, J.

We concur:

_____/S/_____
ROBIE, Acting P. J.

_____/S/_____
MURRAY, J.

18