Filed 5/23/24 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BRANDI STILES et al.,<br><br>  Plaintiffs and Appellants,<br><br>v.<br><br>KIA MOTORS AMERICA, INC.,<br><br>  Defendant and Respondent. | 2d Civ. No. B325798<br>(Super. Ct. No. 56-2019-<br>00527171-CU-BC-VTA)<br>(Ventura County)<br><br>ORDER MODIFYING<br>OPINION<br>[NO CHANGE IN<br>JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on May 2, 2024, be modified as follows:

1.  On page 5, fourth sentence of the second full paragraph, the word "new" is to be inserted between the words "all" and "consumer" so that the sentence reads:

   "In fact, the implied warranty provisions on which Kia relies cover all new consumer goods."

2. On page 8, the second full paragraph under "*III. Implied Warranty*," beginning, "Section 1792 provides," is deleted and the following two full paragraphs are inserted in its place:

   Section 1792 provides, in part:  "[E]very sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable."

Section 1791, subdivision (a) defines consumer goods as "any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes, except for clothing and consumables."

There is no change in the judgment.

GILBERT, P.J.          BALTODANO,  J.          CODY, J.

Filed 5/2/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BRANDI STILES et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>KIA MOTORS AMERICA, INC.,<br><br>    Defendant and Respondent. | 2d. Civ. No. B325798<br>(Super. Ct. No. 56-2019-00527171-CU-BC-VTA)<br>(Ventura County) |

      This appeal arises out of the Song-Beverly Consumer Warranty Act (Song-Beverly Act).  (Civ. Code,[1] § 1790, et seq.)  Here we hold that a previously owned motor vehicle purchased with the manufacturer's new car warranty still in effect is a "new motor vehicle" as defined by section 1793.22, subdivision (e)(2).  Thus the replace or refund remedy of section 1793.2, subdivision (d)(2) applies.  The trial court sustained the demurrer of Kia Motors America, Inc. (Kia) without leave to amend.  We reverse.

---

[1] All statutory references are to the Civil Code.

FACTS

*First Amended Complaint*

The first amended complaint alleges:

Brandi Stiles and Abel Gorgita (collectively Stiles) purchased a 2011 Kia Optima in April 2013. Kia is the manufacturer and distributor of the car. Express warranties accompanied the sale by which Kia agreed to preserve the utility and performance of the car or provide compensation on failure of utility or performance. At the time Stiles purchased the car, some of Kia's original warranties were still in effect, including the basic and drivetrain warranties.

At the time of Stiles' purchase, the car had serious defects and developed other serious defects covered by the warranties, including transmission, electrical, brakes, engine, suspension, and steering defects. Stiles brought the car to an authorized Kia repair facility, but Kia was unable to repair the defects after a reasonable number of attempts. Kia failed to replace the car or make restitution as required under the Song-Beverly Act.

The complaint alleges causes of action under the Song-Beverly Act for breach of implied warranty; and violation of section 1793.2, failure to promptly make repairs.

*Demurrer*

Kia demurred to Stiles's first amended complaint. Although the complaint does not expressly state so, it is undisputed that Stiles purchased the car from a third party and not from Kia or any of its authorized dealerships.

The trial court sustained Kia's demurrer on the ground that the remedies Stiles seeks under the Song-Beverly Act apply only to new motor vehicles, and Stiles's car is not a "new motor vehicle" as defined in section 1793.22, subdivision (e)(2). The

2

court relied on *Rodriguez v. FCA US, LLC* (2022) 77 Cal.App.5th 209, review granted July 13, 2022, S274625 (*Rodriguez*), which held that a used motor vehicle with an unexpired warranty is not a "new motor vehicle" under the Song-Beverly Act. The court rejected *Jensen v. BMW of North America, Inc.* (1995) 35 Cal.App.4th 112 (*Jensen*), which held that a previously owned motor vehicle with an unexpired warranty qualifies as a "new motor vehicle" under the Song-Beverly Act.

DISCUSSION

## I. Standard of Review

The function of a demurrer is to test whether, as a matter of law, the facts alleged in the complaint state a cause of action under any legal theory. (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.) We assume the truth of all facts properly pleaded, as well as facts of which the trial court properly took judicial notice. (*Ibid*.) But we do not assume the truth of contentions, deductions, or conclusions of law. (*Ibid*.) Our review of the court's decision is de novo. (*Ibid*.)

## II. Replace or Refund Remedy

Section 1793.2, subdivision (d)(2) provides in part: "If the manufacturer or its representative in this state is unable to service or repair a new motor vehicle, as that term is defined in paragraph (2) of subdivision (e) of Section 1793.22, to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either promptly replace the new motor vehicle in accordance with subparagraph (A) or promptly make restitution to the buyer in accordance with subparagraph (B)."

Section 1793.22, subdivision (e)(2) provides in part: " 'New motor vehicle' includes . . . a dealer owned vehicle and

3

'demonstrator' or other motor vehicle sold with a manufacturer's new car warranty . . . ."

Thus Stiles is entitled to the replace or refund remedy of section 1793.2, subdivision (d)(2) if the car she purchased was a "motor vehicle sold with a manufacturer's new car warranty." (§ 1793.22, subd. (e)(2).) Stiles so alleges. That should be the end of the discussion.

Kia, in its relentless attempt to avoid the clear meaning of section 1793.22, subdivision (e)(2), assumes a legislative role and tries to amend the statute. Kia claims we must add "new or full" prior to warranty. (§ 1793.22, subd. (e)(2).) Had the Legislature intended to qualify warranty with "new or full" it would have said so. We may not add words to a clear and unequivocal statute. (*Hudson v. Superior Court* (2017) 7 Cal.App.5th 1165, 1172.)

Kia argues Stiles's interpretation is undercut by the Song-Beverly Act's definition of express warranty as a "written statement arising out of a sale to the consumer." (§ 1791.2, subd. (a)(1).) Kia interprets the provision to mean the warranty arises out of the sale to the first consumer and the warranty does not "arise out of" the resale of a motor vehicle to a subsequent consumer. Stiles does not allege the warranty arose out of the resale to her; she alleges she purchased the car with an existing new car warranty. The warranty arose when Stiles' car was first sold to a consumer, the car still qualifies as a "motor vehicle sold with a manufacturer's new car warranty." (§ 1793.22, subd. (e)(2).) Stiles' interpretation of section 1793.22, subdivision (e)(2) has nothing to do with the Song-Beverly Act's definition of express warranty.

Kia argues Stiles' interpretation conflicts with the Song-Beverly Act's implied warranty provisions. Section 1791.1,

4

subdivision (c) provides in part: "The duration of the implied warranty of merchantability and where present the implied warranty of fitness shall be coextensive in duration with an express warranty which accompanies the consumer goods, provided the duration of the express warranty is reasonable; but in no event shall such implied warranty have a duration of less than 60 days nor more than one year following the sale of new consumer goods to a retail buyer."

Kia argues that if used cars with transferred warranties were new motor vehicles as Stiles claims, a new one-year implied warranty would attach to the vehicle with each resale within the warranty period. This would, in Kia's view, conflict with the one-year maximum in section 1791.1, subdivision (c).

But section 1793.2, subdivision (d)(2) applies only to express warranties of motor vehicles. The definition of a new motor vehicle in section 1793.22, subdivision (e)(2) expressly applies to section 1793.2, subdivision (d)(2). The provisions on implied warranties in the Song-Beverly Act make no reference to the definition of "new motor vehicle" in section 1793.22, subdivision (e)(2). In fact, the implied warranty provisions on which Kia relies cover all consumer goods. The provisions of sections 1793.2 and 1793.22, which are specific to motor vehicles, prevail. (See *Cockshott v. Department of Forestry and Fire Protection* (2004) 125 Cal.App.4th 235, 240 [specific statutory provision governs the general].)

The Legislature has clearly defined "new motor vehicle" for the purposes of the replace or refund remedy of section 1793.2, subdivision (d)(2). Stiles's complaint alleges facts that show she is entitled to that remedy. Whether and to what extent remedies

for breach of an implied warranty under section 1791.1 may apply is beside the point.

Kia's reliance on *Rodriguez, supra*, 77 Cal.App.5th 209, review granted July 13, 2022, S274625, is misplaced. There, as here, plaintiffs purchased a previously owned motor vehicle with remaining miles on the manufacturer's written warranty. The vehicle proved defective and an authorized dealership was unable to repair it. Plaintiffs sued the manufacturer for violating the replace or refund provision of section 1793.2. The trial court sustained the manufacturer's demurrer on the ground that the vehicle was not a "new motor vehicle" as defined in section 1793.22, subdivision (e)(2).

The Court of Appeal affirmed the ensuing judgment in *Rodriguez*. The court reasoned that the phrase in section 1793.22, subdivision (e)(2), "or other motor vehicle sold with a manufacturer's new car warranty" appears under the definition of *new* motor vehicles. (*Rodriguez, supra*, 77 Cal.App.5th at p. 220.) What was more important to the *Rodriguez* court is that the phrase is preceded by "dealer-owned vehicle and a 'demonstrator.' " The court stated that dealer-owned and demonstrator vehicles are "*basically*" new because "they have never been previously sold to a consumer and they come with full express warranties." (*Ibid*.) The court interpreted the phrase "other motor vehicle sold with a manufacturer's new car warranty" to be limited to vehicles that have "never been previously sold to a consumer and come with full express warranties." (*Ibid*.) The court stated the section describes only two types of vehicles— dealer-owned and demonstrator— not three. (*Ibid*.)

6

We cannot argue with the *Rodriguez* court's conclusion that the phrase "or other motor vehicle sold with a manufacturer's new car warranty" appears under the definition of a new motor vehicle. (§ 1793.22, subd. (e)(2).) That is why we conclude Stiles's car, in precisely meeting the definition as a "motor vehicle sold with a manufacturer's new car warranty," is a new motor vehicle as defined by the statute. More importantly, the *Rodriguez* court adds words to the statute. The statute contains no such limitation as vehicles that have never been previously sold to a consumer and come with full express warranties.[2] Section 1793.22, subdivision (e)(2) was enacted in 1992. (Stats. 1992, ch. 1232, § 7.) In the more than 30 years since then, the Legislature has had ample opportunity to add such limiting language. It has not done so. It would be more than presumptuous for us to add what the Legislature has not. The court's assertion that section 1793.22, subdivision (e)(2) has only two categories— dealer-owned and demonstrator— defies the rules of English grammar and logic.

In section 1793.22, subdivision (e)(2), the dealer-owned and demonstrator categories are followed by the disjunctive "or" which precedes "other motor vehicle sold with a manufacturer's new car warranty." The disjunctive is ordinarily used to distinguish that which precedes it from that which follows it. "[O]ther motor vehicles" is clearly a third separate category.

*Jensen*, *supra*, 35 Cal.App.4th 112, was properly decided. *Jensen* involved a previously owned vehicle that was subject to the manufacturer's new car warranty. The Court of Appeal held

---

[2] Stiles claims that dealer-owned and demonstrator vehicles are not sold with full new car warranties. Kia does not dispute the claim.

7

that the vehicle qualified as a new motor vehicle as defined in section 1793.22, subdivision (e)(2).  In so holding, the court concluded that the statute was reasonably free from ambiguity, and relied on the rule of statutory construction, that we must examine the language of the statute, giving the words their ordinary meaning, and if the words are reasonably free from ambiguity, the language controls.  (*Id*. at pp. 122-123.)  The court also concluded that the legislative history supported its interpretation.  The court stated the legislative history shows the legislature has systematically differentiated warranty problems unique to motor vehicles, including transferability and mobility. (*Id*. at p. 124.)

We, like *Jensen*, but unlike *Rodriguez*, look to the plain words of the statute.  If any legislative history is required, its most salient feature is that more than 30 years after section 1793.22 was enacted and almost 30 years after *Jensen* was decided, the Legislature has not amended the definition of "new motor vehicle" in section 1793.22.  And neither will we.

*III. Implied Warranty*

Stiles's complaint alleged breach of implied warranty of merchantability pursuant to section 1792.

Section 1792 provides, in part:  ". . . any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes, except for clothing and consumables."

Kia, relying on *Rodriguez*, demurred solely on the ground that Stiles's car was not a "new motor vehicle" within the meaning of section 1793.22.  We have rejected that argument.

8

*IV. Improper Argument*

We do not consider arguments Kia makes for the first time on appeal.

DISPOSITION

The judgment is reversed.  Costs are awarded to appellants.[3] [4] [5]

GILBERT, P. J.

We concur:

BALTODANO, J.

CODY, J.

---

[3] Kia's request for judicial notice of the materials relating to legislative history, filed September 8, 2023, is granted. In all other respects the request for judicial notice is denied as unnecessary to this opinion.

[4] Stiles's motion for judicial notice of briefs filed in Jensen, supra, 35 Cal.App.4th 112, filed on February 26, 2024, is denied as unnecessary to this opinion.

[5] Kia's motion to strike or leave to file supplemental brief, filed on March 13, 2024, is denied. This court is well aware of what is appropriate in a reply brief and is fully capable of sorting out any points that may be inappropriate.

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Knight Law Group, Roger R. Kirnos, Amy-Lyn Morse; Greines, Martin, Stein & Richland, Cynthia E. Tobisman, Joseph V. Bui, and Rachel A. Beyda for Plaintiffs and Appellants.

Horvitz & Levy, Lisa Perrochet, Shane H. Mckenzie, Jonathan Z. Morris; Lehrman, Villegas, Chinery & Douglas, Kate S. Lehrman and Jacqueline Bruce-Chinery for Defendant and Respondent.